STATE of Missouri ex rel. STATE
HIGHWAY COMMISSION OF
MISSOURI, Appellant,

v.

John Forrest JOHNSON et al., Exceptions of Don Hall, Inc., et al. Respondents.

No. KCD 27803.

Missouri Court of Appeals,
Kansas City District.

Nov. 29, 1976.

Bruce A. Ring, Chief Counsel, Jefferson City, Earl H. Schrader, Jr., Darold W. Jenkins, Asst. Counsel, Missouri State Highway Comm., Kansas City, for appellant.

James O. Turner, Turner & Whetsell, Miner, Martin & Speiser, St. Joseph, for respondents.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

TURNAGE, Presiding Judge.

The State Highway Commission filed suit against Don Hall, Inc., for the purpose of acquiring right-of-way for the construction of Interstate Route 29. The commissioners awarded Hall $36,333. On exceptions filed by Hall, a jury awarded Hall $25,000. Thereafter the court sustained a motion for a new trial filed by Hall and granted a new trial as to all issues.

The court granted the new trial on the grounds it erred in admitting evidence of general benefits. On this appeal, the Commission argues there was no evidence of general benefits shown. Affirmed.

Hall owned a tract containing 91.02 acres on the northwest side of Mound City, Missouri. About 42 acres were within the city limits. The tract lay in a triangular shape with the point to the north. On the east was U.S. Route 59 along which the Hall tract fronted for 3,150 feet. The Commission took a strip approximately 300 feet wide, located from 400 to 600 feet west of Route 59. Interstate 29 was a limited access highway, but an outer roadway was constructed on the west of the Interstate which gave access to the 22.82 acres Hall had remaining on the southwest side. The remaining 43.74 acres on the northeast of I–29 had access to Route 59. A diamond interchange with Route 118 about a quarter of a mile south of the Hall tract gives access to the Interstate from both the outer roadway and Route 59.

Hall introduced evidence to show his damages at a high of $224,348. The Commission's low damage testimony was $24,975.

Mr. Heck was called by Hall to testify to the purchase price which Mr. Heck and his brother paid Hall for about six acres adjoining Route 59 and on which the Hecks established a John Deere dealership. The issue

in this case revolves around the following questions and answers during the cross examination of Mr. Heck:

Q. (By Mr. Jenkins): Mr. Heck, please don't let me mislead you. Is this highway going to have—let's say is it going to improve land values in and around Mound City?

MR. TURNER: Your Honor, I will object to that—

MR. JENKINS: In your opinion?

MR. TURNER: —on the grounds he has got to show a special benefit to the defendant and not a general benefit. He is talking about a general benefit.

THE COURT: Let the counsel complete his question and then make the objection.

MR. TURNER: I'm sorry.

Q. (By Mr. Jenkins): I'm asking you as a businessman of long standing in Mound City, knowing this tract both before and after, I am asking you your opinion as to whether or not land now abutting old Route 59 with good vision from I–29 sells better than it would without I–29? Suppose I–29 was five miles east?

MR. TURNER: All right, Your Honor, he is just belaboring the question so he can testify himself. You are trying to testify. My objection is he is asking for a general benefit and not a specific benefit, and he has got to show a specific benefit the landowner is getting.

THE COURT: This is cross examination and he has a right to test his judgment generally as to values. Objection overruled.

Q. (By Mr. Jenkins): Please don't let me put words in your mouth, if you can and want to answer it go ahead and answer it?

A. Well, I would say there that you said does the highway benefit, to some extent yes, some extent no. Average sales—I looked up my average sales per square mile of land in Holt County and I averaged selling over $600.00 worth of machinery per square mile of land throughout the county. Now then, you come in and take out some of the best farm land we have, whereas you could have taken out some of the—

Q. 25 acres?

A. Yes, and therefore my sales are down. 8 square miles has been taken out of the county due to Interstate 29. Therefore, naturally my sales are down six eights or $4800.00 on an average.

Q. Are you through? Tell me one business in Holt County that hasn't been affected by the same recession that has affected you? Everybody is down, is that true sir?

A. No, sir. My sales is up over 200 percent this year.

Q. And it is your testimony that because the State of Missouri, State Highway Commission elected to build I–29 across this tract of land that your land and your business—you are going to be put in real bankruptcy, is that the gist of your testimony, sir?

A. No, sir.

The trial court concluded it had erroneously admitted evidence of general benefits through the above testimony. On this appeal, the Commission argues the above does not show evidence of general benefits, and for that reason, the order granting a new trial was erroneous.

An analysis of the cross-examination reveals Mr. Heck was first asked if I–29 was going to improve land values in and around Mound City. This question was not answered. The next inquiry was whether or not land abutting Route 59, with good vision from I–29, sells better than it did without I–29. There can be no doubt these questions both called for general benefits. *State ex rel. State Highway Commission v. Jones*, 321 Mo. 1154, 15 S.W.2d 338, 340[1] (banc 1929). These questions clearly referred to benefits accruing to the owners of property generally in the neighborhood or vicinity of I–29. No attempt whatever was

made to show any special benefit to any particular tract.

The response made by Mr. Heck indicated the highway would benefit land fronting on Route 59 to some extent. He added to some extent there would be no benefit, but the remainder of his answer and his subsequent replies all clearly reveal the negative part of his answer referred to the fact the highway was taking agricultural land out of production. This in turn resulted in a lowering of the demand for farm machinery and to that extent the location of I-29 did not benefit Mr. Heck.

There can be no doubt the Commission introduced through witness Heck the issue of general benefits by showing the building of I-29 would increase land values along Route 59, some of which belonged to Hall. Thus, when the jury considered the market value of Hall's tract, before and after the taking, there was evidence from which they could find the value of the land abutting Route 59 was more valuable solely by reason of the location of I-29. This evidence effectively injected the issue of general benefits into the jury's determination of the before and after value. Under the settled law in this state, it was error to permit the jury to consider any general benefit to offset the damages sustained by Hall. *State ex rel. State Highway Commission v. Southern Development Co.,* 509 S.W.2d 18 (Mo.1974).

The Commission makes some argument that even though Hall objected when the question concerning general benefits was asked, still no request was made for the court to give the withdrawal instruction, MAI 34.02, to advise the jury not to consider general benefits. However, the notes on use following 34.02 do not require Hall to offer such instruction. Absent a mandatory direction that a withdrawal instruction be offered by a party who has objected to the admission of evidence, there was no requirement for Hall to offer this instruction.

A proper objection was made at the time the question was propounded, this matter was raised in the motion for a new trial, and the court concluded it had erroneously overruled this objection and allowed evidence of general benefits to be placed before the jury. The court was correct in so holding.

The order granting a new trial is affirmed.

All concur.