STATE of Missouri ex rel. STATE HIGHWAY COMMISSION, Plaintiff-Respondent,

v.

Winifred ANKROM, Defendant-Appellant.

No. 41191.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 18, 1979.

Schaper & Woods, Bowling Green, for defendant-appellant.

Bruce A. Ring, Chief Counsel, Thomas E. Cheatham, Asst. Counsel, Jefferson City, for plaintiff-respondent.

GUNN, Judge.

The property owner in a condemnation proceeding raises two points of alleged trial court error in her appeal: (1) in excluding evidence of comparable land sales; (2) undue restriction in cross-examination of the State Highway Commission's expert witness. We affirm.

The State Highway Commission condemned a portion of the appellant property owner's farm near Bowling Green for highway purposes. The property owner called two expert witnesses to testify as to alleged comparable land sales. The first witness testified that damages for the taking were $113,805. His opinion was based on six alleged comparable sale transactions involving developed tracts of land, ranging in size from one to six acres, with all having access to public roads. On objection, the trial court ruled that the tracts were not comparable as a matter of law to the condemned land, a one-hundred acre farm tract served by a fifteen foot private road. The court also excluded the testimony of the second expert witness as to a sale of a sixteen acre tract. Again, the court ruled that the sale of the tract was not comparable, in that it was improved and unsuitable for farming, fronted a highway, and the sale had taken place after a condemnation.

The property owner's first point on appeal urges that the trial court erred in excluding testimony regarding the sales transaction as not being evidence of comparable sales. The precept serving as guidepost for our review of this point provides: "[t]he question of similarity of properties for the question of showing the value of real estate and admitting evidence of comparable sales is a matter within the discretion of the trial court." *Kelso v. C.B.K. Agronomics, Inc.*, 510 S.W.2d 709, 729 (Mo. App.1974). *Accord: State ex rel. State Hwy. Com'n v. Jasper*, 544 S.W.2d 554 (Mo. banc 1976); *State ex rel. State Hwy. Com'n v. Sams*, 484 S.W.2d 276 (Mo.1972); *State ex rel. State Hwy. Com'n v. Drisko*, 537 S.W.2d 645 (Mo.App.1976).

The landmark case governing the determination whether collateral sales are admissible as comparable sales is *In re Armory Site in Kansas City*, 282 S.W.2d 464 (Mo.1955), which states:

The importance of evidence of the sale price of other land depends upon the degree of nearness of the sale in point of time and the proximity of the property, of the similarity in location, and in the use to which the property may be adaptable. In determining the admissibility of evidence of this nature there necessarily

must be considerable discretion on the part of the trial judge. In order to establish that error resulted in rejecting evidence of this nature, it is incumbent on the party offering it to show by offer of proof or otherwise that the evidence is admissible. *Id.* at 473.

Disparity of the size of the land tracts is also a relevant factor in determining whether a collateral sale is admissible as being comparable. *See: City of St. Louis v. Kisling,* 318 S.W.2d 221 (Mo.1958).

■ Further, the record is destitute of any offer of proof regarding the land sales relied on by the property owner which would indicate any relevant comparison without such offer of proof. Therefore, we cannot reverse the trial court for excluding the answers to the property owner's questions. *Cobb v. R.W. Beasley Const. Co.,* 536 S.W.2d 535 (Mo.App.1976).

■ The property owner's second point on appeal relates to the trial court's restrictions on cross-examination of the Highway Commission's expert witness. The property owner's counsel sought to elicit information from the Highway Commission's experts regarding certain of the land sales which had already been excluded as not being comparable by reason of the tract size differential. The claim was made that there was an undue stricture on the cross-examination. And, indeed, the property owner correctly postulates that wide latitude is to be allowed in the scope of cross-examination of an expert witness with the extent being within the trial court's discretion. *Board of Public Bldgs. v. GMT Corp.,* 580 S.W.2d 519 (Mo.App.1979). The sales involving the tracts of land about which the property owner's experts sought to testify were found non-comparable. Cross-examination was aimed at those same tract sales. So, absent some showing of comparability, which was not forthcoming to any offer of proof, there was no abuse of discretion in the trial court's action in limiting cross-examination. *See: Cobb v. R.W. Beasley Const. Co.,* supra.

Judgment affirmed.

WEIER, C. J., and CRIST, J., concur.