STATE of Missouri ex rel. STATE HIGH-WAY COMMISSION OF MISSOURI, Plaintiff-Respondent,

v.

SELECT PROPERTIES, INC., et al., Exceptions of Lambert Realty & Development Corp., Defendant-Appellant.

No. 41093.

Missouri Court of Appeals, Eastern District, Division Four.

Feb. 17, 1981.

John W. Koenig, Jr., Kirkwood, for plaintiff-respondent.

J. B. Carter, Clayton, for defendant-appellant.

SIMON, Judge.

The defendant, Lambert Realty and Development Corporation, appeals from a judgment in a condemnation proceeding wherein it was awarded $32,800. We affirm.

The State Highway Commission of Missouri instituted condemnation proceedings to acquire a 12,000 square foot parcel of land from the defendant for the widening of what is now North Hanley Road, together with temporary construction easements. The property acquired from the defendant was part of an 8.5 acre tract located on North Hanley Road about 500 feet south of Highway 70. The tract was improved with thirteen apartment buildings containing 208 units, known as Tamurai Apartments, parking areas, two swimming pools and landscaping. The part of defendant's tract acquired by plaintiff for the right of way was

improved with a heavy oriental chain fence and ornamental trees and shrubs, and served as a "buffer" between the apartment complex and the roadway. As a result of taking part of defendant's tract for the widening of North Hanley Road, the road was closer to two of defendant's apartment buildings than previously.

Defendant's three points on appeal are (1) that the trial court erred in excluding certain testimony regarding defendant's inability to rent certain apartment units in the proximity of the new right of way; (2) that the trial court abused its discretion in failing to sustain defendant's objections to alleged prejudicial remarks made by plaintiff's counsel in his opening statement and closing argument; and (3) that the trial court made comments in the presence of the jury prejudicial to the defendant.

In reference to defendant's first point, the alleged error of the trial court occurred when the defendant called to the witness stand William Wiedman and Karen Vernon, each of whom was a tenant of the Tamurai Apartments at the time of trial. According to the defendant's offer of proof these individuals, along with other tenants, would testify that they were occupants of an apartment unit facing Hanley Road and that they "either refused to renew their lease or demanded a transfer to some other area within the complex from where they were...because of the conditions of North Hanley Road and the proximity of North Hanley Road to the two units in front of the complex." Defendant also indicated an intention to call the manager and a former manager of the Tamurai Apartments to the witness stand "who would testify many people refused to rent the units that were exposed to North Hanley, and that many people demanded that they be moved to other areas of the complex or indicated that they were refusing to renew their lease because of the conditions that existed after the completion of North Hanley Road." Defendant's efforts to elicit such testimony was thwarted at the instance of plaintiff's

objection that the testimony was irrelevant, cumulative and would prejudice the jury. The trial court sustained the objection on the ground that reasons given by some individuals of why they refused to rent certain apartment units would involve subjective elements and could prejudice the jury.

Defendant argues that the proffered testimony was relevant in showing the impact of the highway widening as a burden on the remaining tract, and that its exclusion kept competent evidence concerning the increase in the vacancy rate from the jury, and made it "impossible" for the jury to assess market value after the taking.

■ Where a part of an owner's property is condemned, as here, he is entitled to receive as damages, the difference between the fair market value of the entire tract immediately before the date of the taking and the fair market value of the property remaining immediately after the taking. *State ex rel. State Highway Commission v. Nickerson*, 578 S.W.2d 916, 917 (Mo. banc 1979). The admissibility of evidence in a condemnation case depends on whether it tends to help the jury in arriving at the issue of value and damages. *State ex rel. State Highway Commission v. Texaco, Inc.*, 502 S.W.2d 284, 288 (Mo.1973). The admission or exclusion of evidence in land cases is within the discretion of the trial judge and "errors in admission or exclusion of evidence will not result in reversal unless there is substantial and glaring injustice." *Id.* at 289.

■ We do not agree that the proffered testimony of the two tenants would have been helpful to the jury in determining the market value of the property after the taking. Their testimony amounts to nothing more than the subjective reasons why a few individuals did not want to rent units facing Hanley Road. At best, it would be speculative to infer from this testimony the proposition that no one would rent the units in question for the same reason. Thus, the trial court was well with-

in its discretion in sustaining plaintiff's objections to this testimony. Furthermore, the excluded testimony of the apartment manager and former manager would do nothing more than parallel the ample evidence of the damage resulting from the partial taking and from the proximity of the apartment units to the newly widened road. For example, Lloyd Beare, President of Lambert Realty and Development Corporation, testified an increase in the vacancy rate occurred after the widening of the road. He also testified that the right of way affected his ability to rent units facing the road. Defendant's witness, James Curran, an expert in real estate appraisal, gave his opinion of the value of the land taken, the value of the improvements and the damage to the remainder. In addition, he gave his opinion of the fair market value of the entire apartment project before and after the taking. Also, a scaled drawing and photographs of the property, depicting the property before and after the taking, were in evidence. Clearly, then, the testimony was cumulative. Thus, even if this testimony were admissible, its exclusion by the trial court was not prejudicial error. Defendant relies on *Nickerson*, supra, as supportive of his position. Our Supreme Court in *Nickerson* held it was error for the trial court to instruct the property owner's valuation experts not to consider the diversion of traffic resulting from a partial taking in assessing the fair market value of the land after the taking. The present case is markedly different. Defendant's witnesses did consider the partial taking's effect on the remainder, and their valuation of the property after the taking took into consideration the two apartment units being closer to the road. We rule this point against the defendant.

Defendant's second point involves two allegations of error. The first allegation is that the trial court abused its discretion in overruling defendant's objection to a statement made by plaintiff's counsel in his opening statement regarding procedures for acquiring property by condemnation pro-

ceedings. The complaint focuses on the following comment:

"I will tell you a little bit about condemnation proceedings. When the State Highway Commission determines the need for ground for rebuilding a new road or relocating an old road, in this case, widening the existing road, we make appraisals and an offer to the property owner."

The defendant argues that "such line of argument prejudiced the jury against him with the insinuation that others have taken such offers, without giving the jury an opportunity to hear the amounts of the offers or particular motivations for some individuals to settle." We find no merit in this argument.

■ The purpose of an opening statement is to inform the judge and the jury in a general way of the nature of the case so as to enable them to understand and appreciate the significance of the evidence as it is presented. *McKinley v. Vize*, 563 S.W.2d 505, 511 (Mo.App.1978). Plaintiff's attorney was obviously attempting to supply the jury with background information from which they could better understand their role in the condemnation process. The suggestive overtones alleged by the defendant are not present. There was no suggestion that the appraisals or offers were fair or whether other landowners had accepted or rejected them. We therefore find that the trial court did not abuse its discretion in overruling defendant's objection.

■ Additionally, defendant contends that the plaintiff's attorney went outside the evidence on two occasions during his closing argument which resulted in prejudice to the defendant's case. The first incident occurred when the plaintiff's attorney asked whether "a building a half mile away from a road" could be affected by the widening of that road. The record indicates that the only evidence as to distance was defendant's exhibit 1, a scale drawing, which illustrated the property before and

after the widening of the road. In ruling on defendant's objection the trial court, in the presence of the jury, acknowledged that there was no testimony regarding distances, and indicated that the jury could determine the distance from the scale drawing. Thus, any prejudice which may have resulted from the "half mile" statement was neutralized.

The defendant also contends that the plaintiff's attorney went outside the record in stating, during closing argument, that in the event the buildings nearest the widened road were more than sixty per cent destroyed by fire, the defendant could obtain a special use permit from the county to rebuild. At the instance of defendant's objection, the trial court reminded the jury that plaintiff's counsel was engaging in mere argument and was not necessarily stating the facts, and that it is for the jury to determine the facts. We find that counsel for plaintiff did not overstep the bounds of proper argument in view of the broad field of permissible jury argument, and the fact that there was testimony presented on behalf of the State Highway Commission that it would be very probable for the defendant to get approval for rebuilding if he followed the necessary steps. The permissible field of jury argument is broad, and the regulation of argument is a matter largely within the discretion of the trial judge. *Hill v. Barton*, 579 S.W.2d 121, 126 (Mo. App.1979). The defendant's second point is not well taken.

The defendant contends in its third point on appeal that the trial court erred and abused its discretion in requesting, before the jury, that counsel for defendant ask shorter questions in that such comments from the bench greatly prejudiced defendant's counsel, defendant and defendant's cause in the eyes of the jury.

The defendant presents four instances of alleged improper conduct by the trial court. The first in this series of alleged improper comments is representative of the others and, as shown in the record, was made in the following context:

"Q. Mr. Hyams, isn't that correct that in what goes on in the market place, ninety-eight, ninety-nine per cent of all purchases of real estate take place with people you described as lay people go out and either they are selling it and form an opinion or they are buying and they form an opinion and they are the ones that are making the judgment and not going through a process that you have described, is that not correct?

MR. KOENIG: I object. I am beginning to think Mr. Carter is testifying and not Mr. Hyams.

THE COURT: I will suggest that the questions be questions, not argument."

The trial court possesses considerable discretion in matters concerning the conduct of the trial. It has been long established that the determination of matters pertaining to the actual conduct of the trial of a cause is left largely to the discretion of the trial judge. In the very nature of the matter this must necessarily be the rule, and appellate courts should not interfere with the exercise of such discretion on the part of a trial judge unless it clearly appears that he has abused his discretion. *Holt v. Queen City Loan and Investment, Inc.*, 377 S.W.2d 393, 401 (Mo.1964).

The trial court was properly exercising its discretion in keeping defendant's questions within proper bounds. Accordingly, we rule this point against the defendant.

Judgment affirmed.

SMITH, P. J., and SATZ, J., concur.