**STATE of Missouri ex rel. STATE HIGHWAY COMMISSION of Missouri, Plaintiff-Respondent,**

v.

**John M. GATSON, et al., Defendants-Appellants.**

**No. 42218.**

Missouri Court of Appeals, Eastern District, Division No. 1.

May 12, 1981.

Darwin A. Hindman, Jr., Columbia, for defendants-appellants.

Bruce A. Ring, Chief Counsel, Jefferson City, for plaintiff-respondent.

STEWART, Judge.

In this condemnation proceeding defendant John M. Gatson appeals from a judgment entered on a jury verdict awarding defendant $5,000 upon trial of his exceptions to the Commission's award of $6,575 for taking a portion of his land.

We affirm.

Defendant is the owner of 24.71 acres of land in Ralls County about one mile north of the site of the Clarence Cannon Dam. Defendant's property is the first private property north of the dam. Immediately prior to the taking defendant's property was bisected by a north-south gravel county road. The southern border of defendant's land is bounded by an east-west county road. A portion of State Highway J, which was located a few miles west of defendant's property, will be flooded upon completion of the dam. The State has undertaken to relocate Highway J so that it will run over the present county road through defendant's property. The State condemned 3.55 acres of defendant's land for this purpose. One acre of the land lies under the present county road thus the actual taking at this time is 2.55 acres.

Before the taking defendant had 1,800 feet frontage on either side of the north-south county highway. The additional 2.55 acres would result in considerable widening of the roadbed and the right of way. After the taking plaintiff would still have 1,800 feet of frontage on both sides of the road which would then be paved. He would lose frontage on the east-west county road that borders the south line of his property. Defendant had unlimited access to the county road and will have unlimited access to the paved state road. There was a house on the property that defendant had rehabilitated in 1960. This house had been unoccupied and vandalized for some time prior to the taking. The right of way would come to within six feet of the house. Defendant also had fencing on his property along the old county road.

The evidence on behalf of defendant as to his damages was that the value of his land before the taking was $3,000 per acre, a total of $71,130 plus the value of the house at $15,000 or a total value of $86,130. Its value after the taking would be $43,680. Defendant was claiming $7,650 for the taking of the 2.55 acres; $15,000 for loss of the house because of its proximity to the road; $8,000 for bridges; $10,000 for extended driveway and $1,800 for fencing; a total of $42,450. Defendant's appraiser testified to a before taking value of $47,420 and an after taking value of $27,500 or total damages of $19,920.

Plaintiff's appraiser testified that the value of defendant's property before the taking was $24,170. He was of the opinion that "taking into consideration the loss of 2.55 acres and the proposed construction of New Route J" the value of the defendant's property after the taking was $31,740. In other words defendant suffered no damages. He further testified that the relocation of "J" affected the value of the property in that:

"It changes it, in my opinion, from residential to commercial. It gives commercial aspect on the frontage of the road where otherwise comparable pieces of property that are on the county graveled road would only be used, chances are, for residential use for building of homes or condominiums, that type."

The commercial value of the property would be "much greater" because of the improved road.

The defendant's expert conceded that a state maintained hard surface road is desirable for commercial development of property.

The jury returned a verdict awarding defendant $5,000. Inasmuch as the verdict was $1,575 less than the award of the Commission that had been withdrawn by defendant, the court entered judgment in favor of plaintiff in the sum of $1,575 plus interest from the date of withdrawal.

When there has been a partial taking in a condemnation proceeding the landowner should be compensated for the land actually taken as well as damages to the residue. The condemnor may utilize any special benefits as set off against the landowner's damages. General benefits may not be set off. *State ex rel. State Highway Commission v. Tate*, 592 S.W.2d 777, 778 (Mo. banc 1980). *State ex rel. State Highway Commission v. Vorhof-Duenke Company*, 366 S.W.2d 329, 337 (Mo. banc 1963).

Defendant relies upon three points which can be looked upon as one primary issue. As we read defendant's points he complains that the trial court erred in permitting plaintiff to introduce into evidence and to argue that the value of defendant's property was increased by general benefits that would accrue to the land by reason of the relocation of Highway J, as an offset against defendant's damages for the taking of the 2.55 acres. Said another way, it is apparently defendant's contention that there was no evidence of special benefits to defendant's land by reason of the relocation of Highway J.

The distinction between general and special benefits had been carefully delineated. The distinction in practical application however is shadowy. It has been said that trained legal minds have difficulty in distinguishing between the two types of benefits and as a consequence it is necessary to make submissions to the jury with "all possible clarity." *State ex rel. State Highway Commission v. Vorhof-Duenke Company, supra.*

We initially turn to the accepted definitions for guidance. A special benefit is one that accrues directly and proximately to the particular land remaining after a partial taking by reason of the construction of the public work upon that part of the land that was taken reflected in an increase in market value of the remaining land. General benefits on the other hand are those that accrue to the owners of property within the usable range of the public work. General benefits do not arise by reason of the location of the public work upon the land taken. *State ex rel. State Highway Commission v. Jones*, 321 Mo. 1154, 15 S.W.2d 338, 340 (banc 1929). See also *State ex rel. State Highway Commission v. Tate, supra.*

Apropos of the situation in this case, *State ex rel. State Highway Commission v. Jones, supra*, approves statements in texts and case law to the effect that when streets and roads are opened or improved there is a presumption that property that is adjacent to the street or road and that has ready access to that street or road receives special benefits. Special benefits to one tract of land do not become general benefits because other tracts adjacent to the road accrue like benefits.

The burden is upon the condemnor to establish special benefits but the question of whether there are special benefits and the extent of the special benefit is a jury question. *State ex rel. State Highway Commission v. Jones, supra.*

In the case of bar defendant had access to a county gravel road before the taking; after taking, he will have access to a greatly improved paved road. The road will be the relocation of the State highway. Plaintiff's appraiser testified that the property was more suited to residential development when it was bisected by the gravel road. It could have been used for commercial purposes at that time but its value as commercial property would be greatly en-

hanced by the establishment of a State road over the situs of the old road. There was evidence elicited by plaintiff from which a jury could find that defendant obtained special benefits. *State ex rel. State Highway Commission v. Jones, supra.*

■ If the testimony concerning the increase in the value of defendant's property included general benefits the jury was properly instructed in accord with M.A.I. 34.03 not to consider any general benefits that are "conferred upon all property within usable range" of the new road. This withdrawal instruction acted not only to withdraw any objectionable evidence concerning general benefits, it also clarified what the jury was to consider in assessing damages. *State ex rel. State Highway Commission v. Riss,* 432 S.W.2d 193, 200 (Mo.1968). See M.A.I. 34.03, Notes on Use.

We find no error; the judgment is affirmed.

STEPHAN, P. J., and DOWD, J., concur.