STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION OF MISSOURI,
Plaintiff-Respondent,

v.

Theodore F. KOZIATEK, et al., Excep-
tions of Faith Hospital Association, a
Corporation, Defendant-Appellant.

No. 42655.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 15, 1982.

Motion for Rehearing and/or Transfer
Denied Sept. 17, 1982.

Application to Transfer Denied
Oct. 18, 1982.

J. B. Carter, John H. Lamming, Carter, Swimmer & Denlow, Clayton, for defendant-appellant.

Richard Baker, State Highway & Transport Comm., Kirkwood, for plaintiff-respondent.

GUNN, Judge.

Sifted from an over-generous gallimaufry of trial testimony the issues on appeal in this condemnation case are: (1) whether there was trial court error in admission of evidence relating to special and general benefits from the taking; (2) whether there was trial court error on various evidentiary rulings; (3) whether the verdict was so inadequate as to indicate bias, passion and prejudice on the part of the jury.

We find no reversible error and affirm the judgment.

The beginning of this litigation was the condemnation by the plaintiff State Highway Commission of property belonging to defendant Faith Hospital Association. The purpose of the condemnation was to relocate and improve a roadway intersection in St. Louis County. For the relocation purposes, approximately three acres of a ninety-three acre tract of land owned by defendant were taken. The intersection relocation severed a portion of defendant's property (.38 of an acre) and left it adjoined to an already developed executive park which had been rezoned from residential to commercial use. The severed portion of defendant's property had not yet been rezoned, but testimony as to its value by state highway experts assumed a commercial rezoning.

Property valuation experts testified for both parties with substantially disparate opinions as to damages for the condemnation. The jury awarded defendant $18,000 damages. The Highway Commission's theory with supportive evidence was that the severed parcel would in all reasonable probability be rezoned to commercial use. Thus, the condemnation would enhance the value of the severed portion, as it would be the only part of the executive park visible from and fronting highway thoroughfares. Hence, according to the Highway Commission, the defendant was specially benefited by the project. On the other hand, defendant contends that the severance of its parcel created no special benefit and the trial court erred in allowing evidence on such benefits.

■ When a partial taking occurs, the condemnor may utilize any special benefits as set off against the landowner's damages. General benefits may not be set off. *State ex rel. State Highway Com'n v. Gatson,* 617 S.W.2d 80, 82 (Mo.App.1981); *State ex rel. State Highway Com'n v. Johnson,* 544 S.W.2d 276, 279 (Mo.App.1976). In practical application, the distinction between special benefits and general benefits is shadowy at best. A special benefit is one that accrues directly and proximately to the particular land remaining after a partial tak-

ing. It reflects an increase in market value of the remaining land. General benefits are those that accrue to the owners of property within the usual range of the public work. Although the burden of establishing special benefits is on the condemnor, the question of whether there are special benefits and the extent of them is a jury question. *State ex rel. State Highway Com'n v. Gatson,* 617 S.W.2d at 82.

■ A prime example of a special benefit, which the Highway Commission argues occurred here, is when highway construction changes available use of land to a higher and better use. *State ex rel. State Highway Com'n v. Tate,* 592 S.W.2d 777, 779 (Mo. banc 1980). There was ample evidence from which the jury could believe that the severance of a parcel into the adjoining commercially developed executive park enhanced its value. And under the circumstances of this case, it was proper to allow such evidence of special benefit.

■ Defendant next argues that the trial court erroneously permitted evidence of general benefits during the cross-examination of one of its witnesses. Defendant's witness, in seeking to present evidence of comparable sales of land and probability of rezoning, testified as to a purchase of land across the street from Faith Hospital and adjoining the land being condemned. Over defendant's objection, the Highway Commission counsel was permitted to cross-examine the witness that a consideration in his purchase of the so-called comparable property was the widening of the street between his property and defendant's. Defendant, on appeal, contends that the cross-examination presented evidence of general benefits—a taboo in condemnation proceedings. But that is not so. Rather, the examination was proper for impeachment purposes.

■ The price of an alleged comparable sale must not have been materially enhanced or decreased by the project or improvement involved in the taking. *State ex rel. State Highway Com'n v. Wertz,* 478 S.W.2d 670, 675 (Mo.1972). The purpose of

the Highway Commission's cross-examination was to establish that the purchase of the alleged comparable was in part by reason of the road improvement which enhanced the value of the land—a proper subject of impeachment and not evidence of general benefits. It was within the trial court's discretion to determine admissibility of this evidence. *State ex rel. State Highway Com'n v. Select Properties, Inc.,* 612 S.W.2d 866, 869 (Mo.App.1981); *State ex rel. State Highway Com'n v. Graeler,* 527 S.W.2d 421, 427 (Mo.App.1975). There was no abuse in permitting the cross-examination for impeachment purposes. Any pertinent inquiry having some reasonable bearing on the issues in the case or tending to impeach or discredit a witness is generally proper in cross-examination. *Board of Public Buildings v. GMT Corp.,* 580 S.W.2d 519, 531 (Mo.App.1979).

■ Defendant next assigns error to a farrago of evidentiary rulings by the trial court. We only consider those rulings in which offers of proof were made to demonstrate that relevant and competent evidence was excluded. Absent such offers of proof nothing is preserved for review. *Murphy v. Grisham,* 625 S.W.2d 215, 217 (Mo.App. 1981); *State ex rel. State Highway Com'n v. Ankrom,* 588 S.W.2d 172, 174 (Mo.App. 1979).

■ Intending to establish that its residential zoned land would in all probability be rezoned to commercial use, thereby increasing its value and the damages by its taking, defendant sought to elicit the fact that the tax assessment based on its land was commercial. The trial court rejected defendant's evidence in this regard. Though it is proper for substantial inquiry to be made into the basis for an expert's opinion as to land values, evidence of assessed valuation is generally inadmissible to establish fair market value. *State ex rel. State Highway Com'n v. Blue Ridge Baptist Temple, Inc.,* 591 S.W.2d 248, 251 (Mo.App. 1979). Valuations for tax assessments are made for special purposes and are incompetent as evidence of value. *Kansas City & G. Ry. Co. v. Haake,* 331 Mo. 429, 53 S.W.2d

891 (1932). The basis for such valuation should be equally suspect. The trial court did not abuse its discretion in ruling that the basis of the assessment was irrelevant to the issue of the reasonable probability of rezoning to commercial use. ·

Defendant's next contention that the trial court refused to allow a rebuttal witness to testify as to rezoning of the property is not supported by the record. The testimony was allowed.

■ Other objections raised by defendant relate to the trial court's refusal to allow certain rebuttal evidence and are without merit. We need not indite the precise complaints. The guidepost directing us on this point is the fundamental precept that admission of rebuttal evidence depends largely on trial court discretion. It may be excluded if it is repetitive or should be offered in a party's principal case. *State ex rel. State Highway Com'n v. Schwartz,* 526 S.W.2d 952, 957 (Mo.App.1975). Defendant's so-called rebuttal evidence which was rejected either did not relate to issues raised by the State Highway Commission in its case and was not true rebuttal or was, at best, cumulative. A review of the record establishes that the trial court did not abuse its discretion in its rulings on defendant's efforts at rebuttal.

■ Defendant's final contention is that the award of damages was so inadequate as to establish bias and prejudice of the jury. The award was within the range of evidence. There was no showing that there was improper evidence admitted which would have confused the jury. There was substantial evidence to support the award, and the record is desolate of anything to support the contention of bias, passion and prejudice. The award, without more, will not suffice to establish a legitimate charge of bias. *City of Lee's Summit v. Hinck,* 618 S.W.2d 719, 722 (Mo.App.1981); *Missouri Public Service Co. v. Allied Manufacturers, Inc.,* 574 S.W.2d 509, 514–15 (Mo.App.1978).

Inasmuch as there was no prejudicial or reversible error by the trial court in its evidentiary rulings, there was no cumula-

tive error to prejudice the jury. *M & A Electric Power Cooperative v. Tomlinson,* 608 S.W.2d 571, 574 (Mo.App.1980).

Judgment affirmed.

DOWD, P. J., and SIMON, J., concur.