STATE of Missouri, ex rel. MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Plaintiff/Respondent,

v.

JIM LYNCH TOYOTA, INC., Exceptions of Putt–Putt Joint Venture, et al., Defendants/Appellants.

No. 61667.

Missouri Court of Appeals, Eastern District, Division Three.

March 23, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 3, 1993.

Application to Transfer Denied June 29, 1993.

Gerard Timothy Carmody, Sheila O. Hunsicker, St. Louis, for defendants/appellants.

Paul R. Sterrett, St. Louis, Paul R. Ferber, Kirkwood, for plaintiff/respondent.

GARY M. GAERTNER, Presiding Judge.

Appellants, Putt–Putt Joint Venture, Kenneth Baldridge and Joseph Apter, appeal a judgment entered on a jury verdict in the Circuit Court of St. Louis County, awarding them zero damages for the condemnation of property by the Missouri Highway and Transportation Commission. We affirm.

Appellant Putt–Putt Joint Venture (hereinafter "Putt–Putt"), is a Missouri general partnership formed in 1987 to build and manage a miniature golf course at Taylor Avenue and Dunn Road in Northern St. Louis County. Appellants Baldridge and Apter are the managing partners of the association. Putt–Putt owns the site of the mini-golf course, for which it paid $1,350,000.00 in 1987.

After purchasing the property, appellants learned that respondent intended to condemn just over 57,000 square feet of the parcel, including a significant amount of the frontage on Dunn Road. This taking eliminated all direct access to the property from Dunn Road.

Respondent filed its condemnation petition on August 10, 1988. On November 23, 1988, the three commissioners appointed by the court returned an award of $510,000.00 for appellants. Both parties filed exceptions, and the case was scheduled for trial.

The cause went to trial on November 18, 1991. Appellants moved *in limine* to exclude testimony that the value of their property had been enhanced by the highway project. Appellants based their objection on the premise that the testimony offered would be evidence of a "general benefit," the value of which may not be deducted from the post-taking value of the property condemned. After a lengthy discussion, the court ruled it would admit the evidence over appellants' objection.

Appellants attempted to introduce evidence regarding the effects of the taking, but the court would not admit it. Apter and Baldridge both testified that the damages to their property ranged from $1,239,079.00 to $1,529,827.00. Appellants' expert, John C. Hottle, testified to $1,070,000.00 in damages. Respondent presented only one witness: their expert, Arthur Schneider. Schneider testified that, despite the size and effect of the taking, the remaining property actually increased in value from $1,350,000.00 before the taking, to $1,820,000.00 after. Thus, he reasoned, appellants sustained no damage. Appellant moved to strike Schneider's testimony, but the motion was overruled.

The jury returned a verdict on November 21, 1991, finding no damages due to the taking. Appellants filed a motion for new trial on December 6, 1991, which was denied. This appeal ensued.[1]

■ Appellants' first point accuses the trial court of error by admitting evidence of general benefits, and alleges the court further erred by allowing respondent's expert to commingle evidence of general and special benefits in his testimony. We disagree.

The evidence appellants complain of, specifically, is traffic. At the outset, we note that appellants were the first party to raise the issue of effects of traffic in testimony by Kenneth Baldridge and John Hottle themselves. Both witnesses, on direct examination by their own attorney, testified that traffic was a factor in the valuation of the property in this case. Respondent suggested to the jury that appellants' property was made more valuable due to the increased traffic flowing past it. However, appellants now contend that traffic was a general benefit and should not have been considered at all. It is a long-standing rule that those who inject error into a proceeding cannot complain about it on appeal. *Lewis v. Bucyrus–Erie, Inc.,* 622 S.W.2d 920, 924–25 (Mo. banc 1981).

■ More importantly, we observe in the record that MAI 34.03 was given to the jury, withdrawing general benefits and clarifying precisely what the jury was to consider. The withdrawal and exclusion of erroneously admitted evidence leaves no ground for reversing the judgment on account of such admission. *Pender v. Foeste,* 329 S.W.2d 656, 662 (Mo.1959). It is to be assumed, in the absence of exceptional circumstances, that the jury obeyed the trial court's direction and considered only legal evidence. *Id.* If any error on this issue existed before, it was certainly cured when MAI 34.03 was given. *State ex rel. State Highway Com'n v. Gatson,* 617 S.W.2d 80, 83 (Mo.App., E.D.1981). Point denied.

■ Appellants' second point alleges error by the trial court in that the court refused to give the jury MAI 34.02, which appellants requested. The instruction, if given, would have withdrawn the issue of traffic from the jury's consideration. We cannot agree with appellants. The evidence regarding traffic was introduced for the limited purpose of showing the impact of traffic on the property's highest and best use, and is permissible as such. *State ex rel. Highway and Transp. Com'n v. Lynch Toyota,* 830 S.W.2d 481, 486 (Mo. App., E.D.1992). Point denied.

■ Appellants' third and last point concerns the trial court's refusal to admit evidence of increased vacancy rates in commercial properties close to appellants' parcel. Appellants also complained they were not allowed to give testimony regarding their objections to a new road running through their property.

Caselaw is quite clear that a landowner's preferences as to location of a new road are not relevant in a condemnation case. This issue is disposed of in *State v. Waggoner,* 319 S.W.2d 930 (K.C.Ct.App.1959), in which the court stated:

> The landowner ... cannot properly argue or object to the jury that the condemnor could have selected some other location or have taken some other property just as readily.... Such a consideration has no proper part in the ascertain-

**1.** We note that counsel on appeal was different from counsel at trial.

ment of damages resulting from the taking. To argue … that condemnor could have avoided taking the particular tract of land or particular location of the course of the easement is not only improper but is prejudicial in that it is in effect an appeal to the jury to enhance the damage award to punish condemnor … for its particular selection of the location of the improvements and of the land or easement taken.

*Id.* at 934.

■ Furthermore, evidence of increased vacancies in surrounding shopping centers is well within the trial court's ability to determine relevancy. The properties are quite different from appellants' parcel, and are put to different uses. We cannot say the trial court erred by excluding this evidence of dubious relevance. Point denied.

The judgment of the circuit court is affirmed.

SMITH and STEPHAN, JJ., concur.