Marylou HEIN, et al., Appellants,

v.

ORIENTAL GARDENS, INC.,
et al., Respondents.

No. WD 55747.

Missouri Court of Appeals,
Western District.

April 6, 1999.

Mark D. Wasserstrom, Overland Park, KS, for Appellants.

Robert B. Zeldin, Kansas City, for Respondents.

Before SPINDEN, P.J., and EDWIN H. SMITH and RIEDERER, JJ.

EDWIN H. SMITH, Judge.

Marylou Hein appeals from the circuit court's judgment in favor of the respondents, Yung Sheng Pi and Vi Tran–Pi, on her claim for damages against them individually for personal injuries. The appellant was injured in a slip and fall at a restaurant, Oriental Gardens, operated by Oriental Gardens, Inc. (the corporation), of which the respondents were the sole shareholders. As a result of her fall and injury, the appellant sued the corporation and the respondents. At trial, the jury was instructed on comparative fault, without objection, and assessed 33 1/3% fault to the appellant, 66 2/3% to the corporation, and 0% to the respondents, and found total damages of $60,747. Accordingly, the trial court entered judgment for the appellant against the corporation only, in the amount of $40,498.

The appellant raises two points on appeal. In her first point, she claims that the trial court erred in giving Verdict Form A, submitted by the respondents, because it contained surplusage, was inconsistent with her verdict director, and did not follow Missouri Approved Instructions (MAI).[1] In her second point, she claims that, even though the jury assessed 0% fault to each of the respondents, the trial court erred in failing to enter judgment against them individually because they were jointly and severally liable with the corporation for her damages.

We affirm.

### Facts

The restaurant was located at 921 Walnut in Kansas City, Missouri. On August 27, 1992, the appellant and two companions went there for lunch. When they arrived, they were greeted by a waiter, who escorted them to their table. The waiter led them through the restaurant and onto a raised platform seating area. While walking toward the table, the appellant fell off a step down from the platform and broke her arm.

On July 8, 1996, the appellant filed her second amended petition naming the corporation and the respondents as defendants. In her petition, she alleged that she was a business invitee of the corporation and that, as such, it had a duty to provide her with reasonably safe premises. She alleged that this duty was breached because she was not warned about the step and there was no return railing blocking her access to the step off the platform. She also alleged that the respondents acted as general contractors on behalf of the corporation in making improvements to the restaurant, and that they were negligent in failing to install and maintain handrailings, and in failing to post warning signs of the step. She further alleged that her injury was a foreseeable result of their negligence.

The case was tried to a jury commencing on February 3, 1997. The respondents filed a motion for a directed verdict at the close of all of the evidence, which was denied. The jury was instructed, pursuant to Instruction No. 5, as submitted by the appellant, to return a verdict in her favor and assess a percentage of fault to the defendants if it found that: (1) there was no return railing by the step in the restaurant and as a result the platform was not reasonably safe; (2) the defendants knew or by using ordinary care could have known of this condition; (3) the defendants failed to use ordinary care to have a return railing or to warn of its absence; and (4) as a result, the appellant sustained damage. In order to return its verdict, the jury was given Verdict Form A, as submitted by the respondents, which contained spaces for its assessment of fault against the appellant, the corporation, Mr. Pi, and Mrs. Pi, individually. The appellant objected to the trial court's giving of Verdict Form A and offered Verdict Form C, which was rejected. Verdict Form C, unlike Verdict Form A, contained only spaces for the jury's assessment of fault against the appellant and the defendants as a class.

On February 6, 1997, the jury returned its verdict assessing fault for the appellant's injuries of 33 1/3% to the appellant, 66 2/3% to the corporation, 0% to Mr. Pi, and 0% to Mrs. Pi. The jury also found that the appellant's total damages were $60,747. As such, the trial court, the Honorable Ronald R. Holliger, entered judgment against the corporation, on the appellant's claim against it, awarding the appellant $40,498 in damages, and on her claim against the respondents, for the respondents. On March 3, 1997, the appellant filed a motion to correct the judgment or in the alternative for a new trial, alleging that the trial court should have entered a judgment finding the corporation and the respondents, individually, jointly and severally liable for her damages. This motion was denied on May 8, 1997.

This appeal follows.

### I.

In her first point, the appellant claims that the trial court erred in giving Verdict Form A, as submitted by the respondents, because it contained surplusage, was inconsistent with her verdict director, and did not follow MAI in that it allowed the jury to assess fault against the corporation and respondents, the defendants below, individually,

---

1. All references to MAI are to Missouri Approved Jury Instructions, Fifth Edition.

rather than as a class. Specifically, she contends that, although the verdict director instructed the jury to treat the defendants as a class for purposes of determining fault, the verdict form included a space for it to assess the fault of each individual defendant. She contends that this language in the verdict form, in light of her verdict director, was mere surplusage which should have been ignored by the trial court in entering its judgment, such that judgment should have been entered against the corporation and the respondents under the common law doctrine of joint and several liability. We disagree.

■ When reviewing a claim of instructional error resulting from an alleged deviation from MAI, we must apply the following principles: (1) where MAI prescribes a particular instruction, that instruction is mandatory and the failure to give it is presumed to be prejudicial; (2) the burden is on the party who offered the erroneous instruction to show that it was not prejudicial; (3) whether the error was prejudicial is to be judicially determined; and (4) no judgment will be reversed on account of instructional error unless such error was, in fact, prejudicial. *Porta–Fab Corp. v. Young Sales Corp.*, 943 S.W.2d 686, 689–90 (Mo.App.1997). To show prejudice, the party claiming instructional error must show that the instruction as submitted misdirected, misled, or confused the jury. *Judy v. Arkansas Log Homes, Inc.*, 923 S.W.2d 409, 420 (Mo.App.1996).

■ At trial, the appellant submitted one verdict director as to all three defendants, based on MAI 22.03 [1995 Revision], the MAI verdict director to be given for an alleged injury to a business invitee, as modified by MAI 37.01 [1986 New], the approved comparative fault verdict directing modification. Her verdict director, which was approved and given by the trial court as Instruction No. 5, read as follows:

In your verdict you must assess a percentage of fault to defendants if you believe:

First, there was no return railing by the step of the platform in the defendants' restaurant and as a result the platform was not reasonably safe,

Second, defendants knew or by using ordinary care could have known of this condition,

Third, defendants failed to use ordinary care to have a return railing or to warn of its absence,

Fourth, as a direct result of such failure, plaintiff Mary Lou [sic] Hein sustained damage.

The respondents objected to the giving of this verdict director, arguing that because the appellant had alleged different theories of recovery against each defendant, separate verdict directors were required. The trial court, without explanation or expressly overruling the objection, gave Instruction No. 5, as submitted by the appellant.

The appellant's claim, that the verdict form was erroneous given her verdict director, is predicated on her argument that the defendants below were jointly and severally liable for her damages and that, as such, their liability should have been determined by the jury as a class. Given the nature of the doctrine of joint and several liability, this is, at best, a bootstrapping argument in that it assumes that, if fault was found as to any defendant, all the defendants were at fault as joint tortfeasors, while asserting that the jury should have been precluded from determining the liability of each defendant. In other words, it argues for joint and several liability to be presumed before any liability is found as to any defendant. Such is not the law of joint and several liability.

■ In order for the common law doctrine of joint and several liability to apply, there must be two or more defendants, the joint aspect, w ˙˙˙ negligence coı ɾɪbuted to the plaintiff's inɟury, ˙˙ ˌˌeveral aspect *Kibbons ɾ. Union Elec.  o.. 823 S.W.2d 48 ,* 491 (Mo. *banc* 1992). Hence, befoɾe the defendants belov ɯould be found tɾ ɯ jointly and severally liable foɾ the appellanɾ's inɟury, the jury would have ˌɪl to find that eaɪ . was negligent ˌɪ˙d that the neɵligence of each contribut ɪ ɪ˙ her injury. ˌɪ ɪhis respect, in claiming that ɾhe jury should not have ˌeen allowed by t ˋ ɾrial court to a ˙ sess the ˌeparaɪe fault of the coɾporation and the respor ˋˌˌˌ in the verdiɵ ˙˙˙ɪ, the appellant contenɖˌ that ˙ɯɾause theɾ˙ w˙˙ only one verdict directo˙ ˙˙ ˙˙ all the defe ˙ dants, which she argues should be read as instructing the jury to deliberaɪe on the fault of the defendants as a class, the jury,

in finding fault as to one defendant, was required to find against all defendants. In effect, what the appellant is contending is that the trial court, in giving the verdict director submitted by her, was instructing the jury that any negligence found by it would be presumed to be the negligence of all the defendants, in that they were jointly and severally liable. In making this contention, the appellant confuses the doctrine of joint and several liability with that of imputation of negligence, as in the case of *respondeat superior* or agency, which was not pled or proven here. Unlike these doctrines, the doctrine of joint and several liability has no application in determining fault, as the appellant contends, but applies only *after* two or more defendants are first found to be at fault, allowing a plaintiff to recover the entire amount of his or her judgment from any joint tortfeasor.

In overruling the appellant's objection to Verdict Form A, the trial court stated, in pertinent part, as follows:

Well, I'm going to give the verdict form as indicated, essentially being of the belief that to give it otherwise is a misdirection of law, because it would both require the jury—it would require the jury, before they could return any verdict on behalf of the [appellant], to determine that all of the defendants were at fault. That scenario might be proper where their liability is based upon respondeat superior or some other type of issue where there could not be a separate issue as to whether they were at fault. I haven't seen that this case has been pleaded, tried or submitted on a theory of either—of any type of agency or respondeat liability theory.

Be that as it may, I don't think it affects the joint and several liability issue, because all parties found responsible, I believe, under the law, if they are joint and severally liable, are responsible for the whole verdict, regardless of what percentage of fault is allocated to them.

From this, it is clear that the trial court found that the jury was required to be instructed to deliberate on and assess each defendant's fault separately, and if the jury found that two or more were at fault, the application of the doctrine of joint and several liability would then be determined in allowing the appellant to recover her judgment. As found by the trial court, we find nothing in the record to support the proposition, under the pleadings, proof, and the law, that any fault found by the jury, allowing a recovery by the appellant, had to be imputed to all the defendants. Thus, as the trial court indicated, it would have been a misdirection of the law for the jury not to have been instructed in the verdict form to assess each defendant's percentage of fault, if any, individually. In fact, to instruct in the verdict form as the appellant argues for, would most likely have resulted in the jury being misled into believing that it had to find all the defendants at fault before a verdict could be returned in the appellant's favor, which was not the law in this case. Hence, we find no error in the verdict form given by the trial court.

■ The confusion in this case results from the verdict director given by the trial court. There is some question as to whether it was proper in that the pleadings and the required proof were different as to the corporation and the respondents.[2] Obviously, there was no basis for the trial court to instruct the jury to treat the defendants as a class for purposes of determining fault, as the appellant contends was done. However, we need not concern ourselves with whether the verdict director, standing alone, was, in fact, defective in this respect, inasmuch as discussed, *supra*, we find that any confusion created by it was cured by the trial court's giving of the verdict form objected to by the appellant. Further, the appellant *certainly* could not be heard to complain about any confusion caused by the verdict director inasmuch as it was submitted by her. *See State*

---

**2.** Assuming that the appellant's theory of recovery as to the respondents was as a business invitee, as was instructed in the verdict director, her proof as to them would have been different from that as to the corporation. This is so, in that, as opposed to the corporation, in order to find the respondents liable as general contractors for the alleged defect in the restaurant premises, the appellant was required to overcome the "acceptance doctrine, which relieves contractors of liability to those not parties to the contract after the owner accepts the contractor's work." *Fisher v. State Highway Comm'n*, 948 S.W.2d 607, 611 (Mo. *banc* 1997) (*citing Gast v. Shell Oil Co.*, 819 S.W.2d 367, 370 (Mo. *banc* 1991)).

*ex rel. Missouri Highway and Transp. Comm'n v. Jim Lynch Toyota, Inc.,* 854 S.W.2d 490, 492 (Mo.App.1993) *(citing Lewis v. Bucyrus–Erie, Inc.,* 622 S.W.2d 920, 924–25 (Mo. *banc* 1981)) (holding that "[i]t is a long-standing rule that those who inject error into a proceeding cannot complain about it on appeal"). Moreover, because the trial court gave the correct verdict form, which cured any problems with the giving of the verdict director, no prejudice was occasioned to the appellant by reason thereof entitling her to relief on appeal. *Judy,* 923 S.W.2d at 420.

Point denied.

Because our resolution of this point is dispositive of the appeal, we need not address the appellant's remaining point.

### Conclusion

The judgment of the circuit court for the respondents, on the appellant's claim against them for personal injuries, is affirmed.

All concur.