Linda **MHOON**, Petitioner-Appellant,

v.

Rex **MHOON**, Respondent.

No. 11605.

Missouri Court of Appeals,
Southern District,
Division One.

July 30, 1980.

Rehearing Denied Aug. 20, 1980.

Leonard K. Breon, Breon & Leffler, Warrensburg, for petitioner-appellant.

Nolen Berry, Johnson & Berry, Neosho, for respondent.

---

GREENE, Judge.

This case is an appeal from an order of the trial court sustaining respondent's motion to quash a writ of sequestration. On November 8, 1976, petitioner-wife sued for dissolution of marriage. The parties filed a property settlement agreement which proposed to fully settle all property rights of the parties. One of the provisions of the agreement was that the respondent-husband pay to the wife the sum of $67 every two weeks for 36 months. The dissolution was granted on December 31, 1976. In its decree, the trial court found the property settlement to be conscionable, approved same, and, among other things, ordered respondent to pay petitioner the sum of $67 every two weeks for 36 months, as maintenance, in accordance with the property settlement agreement. There was no reference in the property settlement agreement, or in the decree, that the maintenance award would not terminate on the death of either party, or on the remarriage of the party receiving maintenance.

On August 1, 1978, petitioner married Al Moffat, and respondent stopped his payments of maintenance. When the claimed arrearage reached the sum of $804, petitioner applied for and received a writ of sequestration, as respondent was a city employee. Respondent filed a motion to quash the writ, contending that the remarriage terminated respondent's right to maintenance. The trial court, after hearing, sustained the motion. This appeal followed.

 Petitioner's sole point relied on is that "the court erred in sustaining respondent's motion to quash appellant's writ of sequestration by holding her underlying judgment in the divorce action to not be statutory maintenance in gross." The point completely fails to state wherein and why the trial court erred in sustaining the motion to quash, in violation of Rule 84.04(d).[1] To satisfy the rule, the point must cite some evidence or testimony which substantiates the contended erroneous effect of the trial court's ruling. *Thummel v. King*, 570 S.W.2d 679, 685 (Mo. banc 1978). Petitioner

has not done so. The appellate court is not obliged to seine the transcript, or the statement of facts and argument portions of appellant's brief, in an effort to ascertain the intended meaning of points relied on. *Haase v. Richmond*, 570 S.W.2d 341, 343–344 (Mo.App.1978).

The appeal is dismissed as authorized by Rule 84.08.

All concur.

---

1. Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R.