**Bobby J. BRYANT and Harriet E. Bryant, Appellants,**

v.

**Rick L. PRENGER and Janice L. Prenger, d/b/a the Car Clinic, Respondents.**

No. WD 37947.

Missouri Court of Appeals, Western District.

Sept. 23, 1986.

Zachary T. Cartwright, California, for appellants.

Robert L. Hyder, Jefferson City, for respondents.

Before CLARK, C.J., and NUGENT and LOWENSTEIN, JJ.

CLARK, Chief Judge.

Appellants brought suit as plaintiffs below seeking damages from respondents on account of an automobile purchase transaction. The suit was based, and the cause was tried to the court, on the theory that when appellants discovered the odometer reading on the car was incorrect, they gave notice of revocation of acceptance of the car and were entitled to a refund of the purchase price. The trial court entered judgment for the defendants and this appeal followed. The issue in the case is whether appellants effectively exercised their rights under the statute, § 400.2–608, RSMo. 1978. The judgment is affirmed.

The facts of the purchase and the odometer discrepancy are not in dispute. Appellants purchased the car April 23, 1983. The odometer registered 51,094 miles. Unknown to appellants or respondents, the automobile had actually been driven more than 128,000 miles at that time. The discovery by appellants of the altered mileage was made in November, 1983, some six months after the purchase. Respondents took the matter to their attorney who wrote a letter dated November 11, 1983 addressed to "The Car Clinic" advising of the odometer discrepancy and giving notice that acceptance of the vehicle was revoked pursuant to the statute.

Respondents did not receive the November 11 letter until on or about December 13, 1983 when they were served with the summons and petition in this suit. The demand of the letter and of the suit was for refund to appellants of the purchase price paid for the automobile, $3500.00, and some $1500.00 in other charges, primarily for repairs to the car. The letter, but not the suit petition, contained a qualified offer to return the vehicle conditioned on payment to appellants of the purchase price paid for the car and in addition, reimbursement for sales taxes and various repair bills for work done to the automobile. When the case was tried in February, 1985, appellants no longer owned the car having sold it the previous June. Their claim was adjusted to reflect a credit for the sale price.

■ The first point of error as presented by appellant states:

"The court erred in finding all issues for the defendants because appellants were entitled to revoke acceptance as a matter of law under § 400.2–608, RSMo."

Although the statement of the point violates Rule 84.04(d) in that it does not state why, as applied to the facts of this case, appellants were entitled to invoke the statute or wherein the trial court specifically erred in its decision, we have searched the argument made in support of the point without success in an effort to determine what trial error is presented for review.[1] There were no findings of fact or conclusions of law announced by the trial court, presumably because they were not requested. Consequently, there is no ground to assume, as does appellants' statement of the point, that the trial court rested its judgment on a finding that appellants were not "entitled to revoke acceptance as a matter of law." As the discussion which follows under appellants' second point will demonstrate, ample basis exists to affirm the trial court's judgment even if it be

---

[1] It is not the duty of the court to search out the files in the case in an attempt to interpret the thrust of a party's contentions. *Draper v. Aronowitz,* 695 S.W.2d 923, 924 (Mo.App.1985). The requirements of Rule 84.04 are mandatory. No appellant may assume a deficient point will be considered nor is an opinion which addresses a deficient point subject to criticism if the court misconstrues or overlooks the actual basis for trial court error which the appellant intended to raise but deficiently stated.

conceded that appellants could have revoked their acceptance of the automobile at the time the mileage discrepancy was first noticed. The first point is therefore denied as irrelevant.

In their second point, appellants say: "The court erred in finding all issues in favor of defendants because appellants did not waive their right to revoke acceptance by continued use of the vehicle, or by reselling it."

This point suffers from the same infirmities as the first in that it does not say wherein and why the trial court erred. Moreover, the statement of the point assumes, as did the first point, that the judgment rested on a particular finding adverse to appellants. In the absence of findings of fact or conclusions of law, however, such assumptions cannot be validated from the record and amount merely to surmise. The burden on a plaintiff-appellant in such a case where findings were not requested and a judgment for the defendant was the result is to demonstrate that no basis in fact or law can support the result. Conversely, it is the obligation of this court in such a case to sustain the judgment if the result can be supported on any theory of law in accordance with the evidence. *Young v. Ray America, Inc.,* 673 S.W.2d 74, 78 (Mo.App.1984). We therefore must examine the evidence in the case, consistent with the result reached, and determine if the judgment may be sustained on any theory.

The evidence in the case taken most favorably to the court's decision justifies a finding that after appellants attempted to notify respondents of their intention to revoke acceptance of the automobile, they continued to use the car as they had in the past, driving it some 2000 miles per month from November until the following June. No attempt was made by appellants actually to redeliver the car to respondents and such tender as was made through the attorney's letter was conditioned not only on refund of the purchase price, but on payment of various expenses incurred by appellants including the cost of replacing the car's engine. After the date notice of rescission was given, appellants made various other repairs to the car for which they sought added reimbursement covering the expenses of a new battery, radiator, transmission and towing. The evidence therefore supports the conclusion that after appellants undertook to revoke their acceptance of the car, they used it for their own purposes and convenience adding at least 12,000 miles of additional operation and, in consequence of that use, incurred added expenses for maintenance and repairs for which they claimed reimbursement from respondents.

In *Paramount Sales Co. v. Stark,* 690 S.W.2d 500, 504–505 (Mo.App.1985), the court, citing *Stephens Industries, Inc. v. American Express Co.,* 471 S.W.2d 501 (Mo.App.1971), describes the rule to be that where the buyer rejects goods because of defects and tenders them back to the seller, the buyer must thereafter hold the goods as bailee for the seller. The buyer cannot continue to use the goods as his own and still have the benefit of rescission. If, after a proper rejection and rescission, the buyer then uses the goods as his own and in a manner inconsistent with the rights of the seller, such use nullifies the rescission.

In the present case, appellants continued to use the automobile as their own and not in a manner compatible with the attempted rescission. Moreover, they continued to demand a payment in excess of the purchase price as a condition for return of the car thus effectively negating the tender or the opportunity of respondents to recover the article under the terms contemplated by the statute. The effect was to nullify the prior revocation of acceptance, even assuming nonconformity of the automobile to the condition represented and substantial impairment of value, none of which was proved by any evidence.[2]

Appellants cite and rely principally on *Lawrence v. Modern Mobile Homes, Inc.,*

2. There was no evidence submitted by appellants that respondents made any representation or guarantee as to the car's mileage nor did they offer any proof as to the respective values of a similar automobile with the mileage as shown on this car's odometer and the true value of the

562 S.W.2d 729 (Mo.App.1978) where it is said that in some circumstances a buyer may continue to use the goods after notice of revocation of acceptance without waiving the right to maintain an action for rescission. The case is distinguishable in that the property in question consisted of a mobile home in which the buyer's use was the most feasible method of protecting the goods. In addition, the seller in *Lawrence* never attempted to take possession of the home, although requested by the buyer on several occasions to do so. Instead, the seller agreed the property was defective but undertook to make repairs. As the *Lawrence* case holds, the effect of the buyer's continued use of property after notice of rescission is to be measured by a "rule of reason." That rule, however, must be applied in a manner consistent with the basic condition that after an effective notice of rescission the property is held by the buyer for the benefit of the seller and any use must be in the nature of preservation of the value for ultimate return of the property to the seller.

Use by appellants in this case of the automobile by driving it some 12,000 miles and incurring expenses for maintenance and repair which they sought to charge against the seller was not consistent with the duty on the buyers to preserve the car's value. The appellants simply treated the automobile as their own, enjoyed the benefits and reduced the value of the car by the mileage driven and the cost of repairs. The obvious alternative available to appellants after giving notice of rescission was to place the car in storage at respondents' expense with notice to respondents. By failing to do so and, instead, treating the vehicle as though no rescission had been contemplated, appellants nullified the effect of the attempt to exercise the rights otherwise available to them under the statute.

The judgment is affirmed.

All concur.

subject vehicle in its actual condition. The substantial impairment of value related to the pur-

chase price paid was therefore not shown.