**Russell R. VEACH, Appellant,**

v.

**CHICAGO AND NORTH WESTERN TRANSPORTATION COMPANY, Respondent.**

**No. 68365.**

Supreme Court of Missouri,
En Banc.

Nov. 18, 1986.

Rehearing Denied Dec. 16, 1986.

(Mo.1932).

G. Michael O'Neal, Ernest Hubbell, Daniel D. Sawyer, Kansas City, Paul L. Pratt, East Alton, Ill., for appellant.

Guy A. Magruder, Jr., David M. Harding, Jeffrey S. Bay, Kansas City, for respondent.

DONNELLY, Judge.

In *Firestone v. Crown Center Redevelopment Corp.*, 693 S.W.2d 99, 101 (Mo. banc 1985), decided June 25, 1985, this Court held "that the doctrine of remittitur should be abolished in Missouri."

Appellant Veach filed his action for injuries under the Federal Employers' Liability Act, 45 U.S.C.A., § 51 *et sequitur.* After trial, in accordance with the verdict of the jury, judgment was entered for appellant on January 17, 1985, in the amount of $700,000.

On January 31, 1985, respondent Chicago and North Western Transportation Company filed its Alternative Motion for Judgment Notwithstanding the Verdict, for New Trial or Remittitur.

On April 2, 1985, the trial court entered the following order:

### ORDER

Defendant's Motions (1) for Judgment Notwithstanding the Verdict and (2) for New Trial, having been filed and argued by counsel for the respective parties, are ruled on as follows:

(1) Defendant's Motion for Judgment Notwithstanding the Verdict is hereby denied and overruled.

(2) Defendant's Motion for New Trial will be sustained because the verdict is excessive as set forth in point IV of its Suggestions in Support of its Motion, unless on or before April 13, 1985, Plaintiffs enter a written remittitur of Three Hundred Fifty Thousand and no/100 Dollars ($350,000.00) from the verdict, said remittitur to be filed with the Court in writing before noon that date. In the event the remittitur is timely accepted by Plaintiffs and filed with the Court, then effective the date of the filing of acceptance of the remittitur, the Defendant's Motion for New Trial is hereby denied and overruled.

Thereafter, because appellant did not timely accept the remittitur as specified in the April 2, 1985, Order, the trial court

sustained respondent's Motion for New Trial.

An appeal was taken to the Western District of the Court of Appeals where the judgment was affirmed. On July 1, 1986, the cause was transferred here by order of the Court of Appeals. It will be decided here "the same as on original appeal." Mo. Const. art. V, § 10.

The essential question is: To what extent, if at all, shall the holding in *Firestone* (decided June 25, 1985) affect the Order in this cause entered April 2, 1985? In such circumstance, we must "balance the hardship imposed on those who may have relied on a precedent against the hardship which may result for those who do not benefit from the application of a change in precedent." *Sumners v. Sumners,* 701 S.W.2d 720, 723, 724 (Mo. banc 1985); *Great Northern Railway Co. v. Sunburst Oil & Refining Co.,* 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360 (1932).

Given the abrogation of remittitur in *Firestone,* there are now two different objections which can be made against the amount of a jury verdict. One is that the verdict is against the weight of the evidence. Rule 78.02. The other is that "the verdict is so grossly excessive (or inadequate) as to indicate that it was the result of bias and prejudice of the jury." *Jones v. Pennsylvania R. Co.,* 353 Mo. 163, 171, 182 S.W.2d 157, 159 (1944). If a trial court grants a new trial on the ground that the verdict is against the weight of the evidence, appellate courts will decline "to weigh the evidence in cases before them on appeal." *Clark v. Quality Dairy Company,* 400 S.W.2d 78, 80 (Mo.1966). "Rule 78.02 continues the authority and discretion of the trial court to grant one new trial on the ground the verdict is against the weight of the evidence." *Firestone, supra,* at 110. In such event, appellate courts will not interfere. If a trial court refuses to grant a new trial on the ground that the verdict is against the weight of the evidence, appellate courts will not pass on the weight of the evidence. *Clark, supra,* at 80.

If a trial court grants a new trial on the ground of passion and prejudice of the jury, appellate courts will reverse only when they are justified "in holding that in so * * * ruling the trial court was arbitrary." *Jones, supra,* at 177 and 162. If a trial court refuses to grant a new trial on the ground of passion and prejudice of the jury, appellate courts "with great hesitation will invade the province of a jury and interfere with a verdict for damages" *but* will "set aside a verdict, either excessive in bigness or ridiculous in littleness, where the result shocks the understanding and can not be fairly justified on any hypothesis except misconduct or prejudice or willful disregard of instructions." *Fischer v. City of St. Louis,* 189 Mo. 567, 578, 579, 88 S.W. 82, 85 (1905).

We conclude that the trial court erred in entering its order of April 2, 1985; and therefore, in keeping with the *Sumners* admonition, the cause is reversed and remanded with directions to the trial court to set aside its order of April 2, 1985, and to reconsider and rule again on respondent's Motion for New Trial. From such ruling, the aggrieved party may file notice of appeal and the cause shall proceed as if on original appeal.

All concur.