**Paul Edward FENNO, Appellant,**

v.

**KANSAS CITY SOUTHERN RAILWAY COMPANY, Respondent.**

No. 68098.

Supreme Court of Missouri,
En Banc.

Nov. 18, 1986.
Rehearing Denied Dec. 16, 1986.

G. Michael O'Neal, Ernest Hubbell, Kansas City, for appellant.

Harlan D. Burkhead, Thomas S. Stewart, Kansas City, for respondent.

DONNELLY, Judge.

In *Firestone v. Crown Center Redevelopment Corp.*, 693 S.W.2d 99, 101 (Mo. banc 1985), decided June 25, 1985, this Court held "that the doctrine of remittitur should be abolished in Missouri."

Appellant Fenno filed his action for injuries under the Federal Employers' Liability Act, 45 U.S.C.A., § 51 *et sequitur*. After trial, in accordance with the verdict of the jury, judgment was entered for appellant

on October 13, 1983, in the amount of $900,000.

On October 25, 1983, respondent The Kansas City Southern Railway Company filed its Alternative Motion of Defendant for Judgment Notwithstanding the Verdict or for a New Trial.

On January 18, 1984, the trial court entered the following order:

### ORDER

Defendant has on October 25, 1983, filed an Alternative Motion for Judgment Notwithstanding the Verdict or for a New Trial. Defendant's Motion for Judgment Notwithstanding the Verdict is OVERRULED. After full consideration of the matters raised in Defendant's Motion for New Trial, the Court finds that the Defendant's assertions that the verdict is excessive must be SUSTAINED. The Court finds that the verdict is excessive in the sum of $400,000.00

IT IS THEREFORE ORDERED that a New Trial is Granted on all issues UNLESS on or before January 23, 1984 the Plaintiff shall file in the office of the Court Administrator, a remittitur of all the verdict in excess of $500,000.00. In the event the remittitur is timely accepted by Plaintiff and filed with the Court, then, effective the date of filing of the acceptance of the remittitur, the Motion for New Trial is OVERRULED.

Thereafter, appellant did not accept the remittitur specified in the January 18, 1984, Order and an appeal was taken to the Western District of the Court of Appeals where the judgment was reversed. On May 13, 1986, the cause was transferred here by order of this Court. It will be decided here "the same as on original appeal." Mo. Const art. V, § 10.

As in *Veach v. Chicago and North Western Transportation Company,* 719 S.W.2d 767 (Mo. banc 1986), we must accommodate the *Firestone* holding (dated June 25, 1985) to this cause in which judgment was entered on January 18, 1984.

The cause is reversed and remanded with directions to the trial court to set aside its order of January 18, 1984, and to reconsider and rule again on respondent's Motion for New Trial. From such ruling, the aggrieved party may file notice of appeal and the cause shall proceed as if on original appeal.

All concur.