**Elma L. BIEVER and Victor J. Biever, Appellants,**

v.

**Robert J. WILLIAMS, Respondent.**

**No. WD 39663.**

Missouri Court of Appeals, Western District.

May 31, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 2, 1988.

Application to Transfer Denied Sept. 13, 1988.

Elwyn L. Cady, Jr., Independence, for appellants.

Sharon K. Weedin, Knipmeyer, McCann, Fish and Smith, Kansas City, for respondent.

Before NUGENT, P.J., and SHANGLER and CLARK, JJ.

CLARK, Judge.

Elma L. Biever and her husband sued Robert J. Williams for injuries Elma received when she was struck by an automobile driven by Williams. A jury returned a verdict for Williams and the Bievers appeal. Affirmed.

The accident occurred the morning of November 23, 1983 on Pershing Road in Kansas City. Mrs. Biever was walking across Pershing Road from north to south intending to continue east to the Westin Crown Center Hotel where she was employed. There was no pedestrian crosswalk at this point in mid-block west of Main Street. Mrs. Biever had left her automobile in a rental lot on the north side of Pershing Road, as was her daily custom, and was going toward the south because there is no sidewalk on the north side of Pershing Road at this location. It was not yet daylight and it was cold with either rain or sleet falling. Williams was driving his automobile eastbound on Pershing Road. According to Williams, he did not see Mrs. Biever until she stepped from the center of the street into the path of his car. Mrs. Biever testified that she looked both di-

rections, saw no oncoming traffic and never did see the Williams vehicle.

The issues in the case as joined by the pleadings were whether Williams was negligent in driving at an excessive speed and in failing to maintain a lookout for pedestrians and whether Mrs. Biever was also negligent in crossing the street at a point not designated as a crosswalk and in failing to keep a careful lookout for motor vehicles using the street.

▇▇▇ Appellants' brief lists one point of error amplified by eight sub-points, all of which violate the mandate of Rule 84.04(d) and many of which are virtually unintelligible.[1] The requirements of Rule 84.04 are not only mandatory but they are an essential component to permit effective functioning of the appellate courts. *Draper v. Aronowitz*, 695 S.W.2d 923, 924 (Mo.App. 1985). Any point relied on for appellate review of alleged error should definitely formulate and isolate the exact issues to be reviewed. *Tennis v. General Motors Corp.*, 625 S.W.2d 218, 224 (Mo.App.1981). To satisfy the requirements of Rule 84.-04(d), the point relied on must cite some evidence or testimony which substantiates the contended erroneous effect of the trial court's ruling and must also state wherein and why the trial court erred. *Bryant v. Prenger*, 717 S.W.2d 242, 243–44 (Mo.App. 1986); *Mhoon v. Mhoon*, 603 S.W.2d 682, 683 (Mo.App.1980). Where the point in appellant's brief is supported only by authorities which are not germane, it is equivalent to a point unsupported by any authority. *Bishop v. Bishop*, 618 S.W.2d 261, 263 (Mo. App.1981). A statement of a point relied on also violates Rule 84.04 when it groups together multiple contentions not related to a single issue. *Thummel v. King*, 570 S.W.2d 679, 688 (Mo. banc 1978).

The points and authorities presented by appellants in this case violate each and every requirement of Rule 84.04(d) and present to this court the onerous task of attempting to sift through the brief, the

pleadings and the transcript to ascertain what the claims of error may be. Respondent complains, as well he may, of a similar burden shouldered in an attempt to present the respondent's argument. Unfortunately, for reasons not immediately apparent, no notice of the violations was given to appellants as a prelude to dismissal of the appeal. *See Empire Gas Corp. v. Small's LP Gas Co.*, 637 S.W.2d 239, 245 (Mo.App. 1982). Under Rule 84.08, we therefore have no choice but to assume the task of review.

The principal complaint which appellants make seems to center on a contention that the trial court erred when it followed MAI 37.02 and instructed the jury to consider attributing a percentage of fault to plaintiffs if it found that Mrs. Biever was negligent either in failing to keep a careful lookout, or in failing to yield the right of way. In like manner, appellants contend the court should not have used the language of MAI 37.01 in the plaintiffs' verdict directing instruction providing for attribution of a percentage of fault to defendant. The argument is based on what appellants characterize as respondent's "sole cause" defense.

The defendant's answer in the case pleaded that plaintiffs' injuries, if any, "were directly caused by plaintiff Elma L. Biever's own negligence and carelessness in her failure to exercise due care for her own safety; she negligently and carelessly failed and omitted to keep a careful and vigilant lookout for motor vehicles * * *; she attempted to cross Pershing Road at other than a corner or crosswalk designated for pedestrian traffic * * *."

Since the adoption of MAI more than twenty years ago, no defense based on sole cause may be utilized. MAI 1.03 prohibits sole cause instructions and further provides that the same defense may be adequately presented by a converse instruction. *Clark v. Sears, Roebuck & Co.*, 731 S.W.2d 469, 472 (Mo.App.1987). The de-

---

1. Point 1(c), for example, states "Further, Instruction 5 is confusing and misleading in attempting to mix 'apples' and 'oranges' in the same paragraph against a background of Mis-

souri jurisprudence favoring a pedestrial [sic] set upon by a vehicle in the middle of a wide street[.]"

fense pleaded by Williams in this case is therefore inappropriately characterized by appellants. The absence of due care on the part of Mrs. Biever as alleged, consisted of contributory negligence and, prior to *Gustafson v. Benda,* 661 S.W.2d 11 (Mo. banc 1983), would have entitled defendant to an instruction patterned after MAI 32.01(1).

Gustafson, however, abolished contributory negligence as a bar to plaintiff's recovery in negligence cases and substituted comparative fault. Under comparative fault, the jury has the responsibility of assessing the relative fault of the parties in tort actions. *Cox v. J.C. Penney Co.,* 741 S.W.2d 28, 30 (Mo. banc 1987). The court correctly instructed the jury in this case, in accordance with *Gustafson* and *Cox,* that it should determine the respective negligence of the pedestrian and the motorist and assess percentages of fault. Appellants' instructions which took no account of the comparative fault doctrine were properly refused.[2]

Apart from the foregoing, however, appellants have no basis upon which to complain of the comparative fault submission because they suffered no prejudice. In *Lee v. Mirbaha,* 722 S.W.2d 80 (Mo. banc 1986), the plaintiff in a medical malpractice case contended the court erred when it instructed the jury to assess a percentage of fault against plaintiff if it found plaintiff to have been negligent in failing to follow the physician's instructions for post-operative care. The jury had returned a verdict for the defendants. The court observed that in this circumstance, where the jury found the defendants not liable, plaintiff could not have been prejudiced by an apportionment of fault instruction, even if it were erroneous, because the jury never reached the apportionment issue. *Id.* at 84.

In this case, the jury verdict found Mrs. Biever to have been 100% at fault with no fault attributed to Williams. This amounted to a general verdict for the defendant.

Under *Lee,* appellants were not aggrieved by the comparative fault instruction and therefore no reversible error may be predicated on the instructions.

Appellants also complain of Instruction 5, the definition of negligence in the case of the driver of a motor vehicle, and the definition of negligence of a pedestrian. The instruction was in the form of MAI 11.08. As best appellants' point can be deciphered, they complain that combining the two definitions in one instruction is confusing and misleading. The only case authority cited for the point is not germane.

There is no question that Instruction 5 followed the language of MAI. Appellants' complaint must therefore be that the form of MAI 11.08 is confusing and misleading. We do not agree but, in any event, the court of appeals has no power to declare the submission of an applicable MAI instruction erroneous. *Dickerson v. St. Louis Southwestern Railway,* 674 S.W. 2d 165, 170 (Mo.App.1984), *rev'd on other grounds,* 470 U.S. 409, 105 S.Ct. 1347, 84 L.Ed.2d 303 (1985).

In their next point, appellants claim Instruction 6, a not-in-MAI instruction, was erroneous and a misdirection of law because it defined the term "yield the right-of-way" as requiring a pedestrian to yield to vehicles, thereby giving the operator of an automobile preference over a pedestrian. Appellants contend Mrs. Biever was to be "much more favored than *any* driver * * *." The only case cited in support of the contention is a medical malpractice suit, the relevancy of which is not discernible.

It is true that no MAI pattern instruction has been promulgated to define "yield the right-of-way" in a pedestrian-automobile case. Appellants say that because Instruction 6 was not taken from MAI, it is presumed to be erroneous. This is a perversion of the rule that where a Missouri Approved Jury Instruction is applicable, it must be used. *See Jarrell v.*

---

**2.** It is not readily apparent why appellants opposed the comparative fault submission. The transcript of Elma Biever's testimony alone provides ample ground upon which a jury could have found her to have been negligent. Under comparative fault, she could have entertained at least some hope to recover a percentage of the damages, whereas a submission of contributory negligence would virtually have guaranteed a defendant's verdict.

*Fort Worth Steel & Manufacturing Co.,* 666 S.W.2d 828, 837 (Mo.App.1984). It is only where an MAI instruction is available and the instruction as given deviates from the MAI format that error is presumed. *See Keifer v. St. Jude's Children's Research Hospital,* 654 S.W.2d 236, 237 (Mo. App.1983).

■ Where no MAI instruction is available, as was the situation here, the jury must be instructed on the applicable rules of law under an appropriate instruction which follows the law and is so composed that a jury of ordinary people can understand it. An instruction which meets this test is proper. *Franklin v. Mercantile Trust Co., N.A.,* 650 S.W.2d 644, 647 (Mo. App.1983).

■ The case of *Venable v. S.O.R., Inc.,* 713 S.W.2d 37 (Mo.App.1986), involved, as here, a collision between a motor vehicle and a pedestrian. The court there noted that no MAI right-of-way instructions were available for that situation and a definition instruction in the same language used by respondent here was approved. There is no significant difference between the two cases. The court was correct here in giving Instruction 6.

■ Finally, appellants attack the damage instructions contending they were confusing because too lengthy. In fact, the instructions followed MAI 37.03 and were appropriate to the case. Moreover, there could have been no prejudice to appellants regardless of how the damage instructions were phrased because the finding that Williams was not liable ended the jury's concern with the instructions.

The judgment is affirmed.

All concur.