**Doyle MURR and Helen Murr, d/b/a Rightway Homes, Plaintiffs–Respondents,**

**v.**

**Lawrence BOYD and Carol Boyd, Defendants–Appellants.**

**No. 16967.**

Missouri Court of Appeals, Southern District, Division One.

Aug. 2, 1991.

William R. Sachs, Thomas, Birdsong & Clayton, P.C., Waynesville, for plaintiffs-respondents.

James L. Thomas, Waynesville, for defendants-appellants.

PREWITT, Presiding Judge.

Contending that rent had not been paid as agreed, plaintiffs filed a petition in replevin seeking possession of a mobile home which they rented to defendants. Defendants counterclaimed seeking damages for trespass to realty by plaintiffs in taking possession of the mobile home and for conversion of items of personal property located in it.

On February 8, 1990 a "consent judgment" recited that defendants agreed they owed plaintiffs $3,150 plus interest. Jury trial commenced that day and concluded on February 9, 1990. Judgment entered in accordance with the jury's verdict was in favor of plaintiffs on defendants' claim for trespass and in favor of defendants for conversion. Defendants received $100 as actual damages and no punitive damages. Defendants appeal.

Defendants have three points relied on. The first point states that the trial court erred in denying defendants' challenge for cause of eight potential jurors who were either acquainted or had done business with plaintiffs. At trial, defendants' counsel made three specific challenges for cause, one of which was sustained. Of the two denied, one was mentioned in the motion for new trial.

A challenge for cause must be "clear, definite". See *State v. Brown*, 364 Mo. 759, 267 S.W.2d 682, 690 (1954). With certain exceptions not here applicable, in a jury-tried case allegations of error to be preserved for appellate review must be included in a motion for new trial. Rule 78.07. This includes allegations of error in the selection of the jury. *George v. Howard Construction Co.*, 604 S.W.2d 685, 696 (Mo.App.1980).

 Therefore, we only consider the challenge to the venireman who was specifically mentioned following the voir dire and in the motion for new trial. That person stated he was a neighbor of the plaintiffs, living "within a mile." He said he had known plaintiffs "ever since they was out there." He indicated that knowing the plaintiffs would not influence him.

 A trial judge is vested with broad discretion in ruling on non-statutory challenges and that decision should not be overturned unless there is a clear abuse of discretion. *Collins v. West Plains Memorial Hospital,* 735 S.W.2d 404, 405 (Mo. App.1987). A business or personal relationship with a party does not necessarily disqualify someone to sit as a juror. *Id.*

All that was shown was that the venireman knew plaintiffs and lived within a mile of them but he felt he could be impartial. It was not an abuse of discretion for the trial court to overrule the challenge for cause. Point I is denied.

 Defendants' second point states only "[t]he court erred in not sustaining defendants' counsel's motion for directed verdict at the close of all the evidence." By not stating wherein and why the court erred, this point preserves nothing for our review. Rule 84.04(d); *Mhoon v. Mhoon,* 603 S.W.2d 682, 683 (Mo.App.1980). To satisfy that rule the point must cite some evidence or testimony which substantiates the contended erroneous effect of the trial court's ruling. *Mhoon,* 603 S.W.2d at 683. As point II fails to preserve any question for review, it is denied.

 Defendants' remaining point states that the trial court erred in sustaining plaintiffs' objection to defendants' question to plaintiffs' former attorney. Defendants' attorney asked if he ever told plaintiffs "not to return the property to the Boyds."

Defendants say in their point this was admissible because "plaintiffs introduced letters and other testimony concerning representations made by their previous attorney." The testimony referred to is said to be that "plaintiff, Doyle Murr, testified under direct examination that his failure to

return defendants' property was due in part to the advice of his attorney." No transcript page is given for the claimed testimony, and our reading of the transcript does not find it. If we are in error and such testimony occurred, then counsel for defendants can supply us a citation to it on motion for rehearing.

The letters were marked but not put in evidence, described there or filed here. The record does not indicate the jurors saw them or knew their contents. How they could form a basis for the question is not shown. They were used in an attempt to refresh Doyle Murr's memory as to dates but whether they did so is unclear. Even if so, the dates did not relate to the attorney's advice. Point III is denied.

The judgment is affirmed.

CROW and PARRISH, JJ., concur.