**Mabel HOMM, Plaintiff-Appellant,**

v.

**Fred OAKES, Defendant-Respondent.**

**No. 25306.**

Kansas City Court of Appeals,
Missouri.

April 6, 1970.

Gene P. Graham, Graham, Paden, Welch & Martin, Independence, for appellant.

Thomas A. Sweeny, Popham, Popham, Conway, Sweeny & Fremont, Kansas City, for respondent.

SPERRY, Commissioner.

Plaintiff sued defendant for damages for personal injuries alleged to have been received when an automobile which she was operating was struck in the rear by an automobile then being operated by defendant.

The collision occurred on the night of June 20th, or early morning of June 21st, 1964. Plaintiff and defendant, separately, had visited a tavern known as the Barrel, earlier and, toward midnight, plaintiff left in her automobile, and was followed by defendant and some of his friends in his vehicle. Both vehicles were proceeding south on Woodland, in Kansas City, when plaintiff approached a red light on 50 Highway. She stopped a few feet behind another automobile which had been stopped for the traffic light change. At that time defendant drove his automobile into the back end of plaintiff's car with considerable force, knocking the car into the back of the automobile ahead of her. There was evidence to the effect that

plaintiff suffered terribly severe injuries requiring hospitalization and medical treatment and causing loss of time from her work. The jury awarded damages in the sum of $12000.00, but the trial judge set same aside, on motion, and ordered a new trial. Plaintiff has appealed.

The court gave, among others, Instruction No. 7, which is MAI No. 4.01, as follows:

"If you find the issues in favor of the plaintiff, then you must award the plaintiff such sum as you believe will fairly and justly compensate the plaintiff for any damages you believe she sustained and is reasonably certain to sustain in the future as a direct result of the occurrence mentioned in the evidence".

The court set aside the verdict and granted a new trial because of error in giving said instruction.

Since the sole question is that of the propriety of the court's action in granting a new trial because of error in Instruction No. 7, it is wholly unnecessary to set out in detail the evidence as to the severity of injuries received in the collision occurring June 21st, 1964. The amount of the verdict in this case is not material here.

However, plaintiff was involved in an automobile accident, from which she suffered personal injuries and received medical treatment, on May 12th, 1964. The first medical treatment therefor was May 14th. Thereafter she was hospitalized for about a week, in traction, until May 20th. Thereafter, she was medically treated on May 25th, 29th, June 2nd, 6th, 8th, 10th, 15th, and 19th. She was still under treatment for injuries received in the May 12th accident, on June 19th. She received her injuries in the second accident in the early morning of June 21st. On June 17th Dr. Ketterman, a partner of Dr. Agee, who was her chief treating physician on both occasions, advised an insurance company, in connection with a claim filed by plaintiff for injuries received May 12th, that plaintiff was indefinitely disabled from her May 12th injuries. Dr. Agee stated that, on June 19th, he treated her for such injuries and, at that time, scheduled her for further treatment.

When first medically seen because of the May accident, plaintiff was complaining of severe pain in the cervical spine; that she was injured in the neck; that such pain radiated downward into both shoulders and down the entire spine to the lower lumbar area; that she had pain in her neck and all down her back; that there was marked muscle spasm, very pronounced; that muscles in her back and neck were knotted; that she was hospitalized therefor, for a week; that she was not hospitalized immediately following the June accident. Dr. Agee stated that, in August, 1964, he wrote plaintiff's attorney regarding plaintiff's condition due to the May accident, to the effect that "Patient continued about the same without any appreciable improvements".

There was testimony by Dr. Agee to the effect that he treated plaintiff for injuries received in a slip and fall case in February, 1962. He stated that she complained of pain in the left upper back and shoulder; that she had diathermy on March 6th, 1962; that he referred her to Dr. James for further treatment for such injuries.

There was medical evidence to the effect that, in July 1964, plaintiff was examined by an orthopedic surgeon who reported: "Orthopedic evaluation of the cervical region reveals muscle tenderness throughout the posterior cervical trapezius and rhomboid areas. Low grade muscle spasm is still present in the same regions. The ability to flex, extend, laterally bend and rotate the cervical spine is limited about 25 percent. Testing the arm for lack of strength, paralysis or parathesias are well within normal limits". The medical diagnosis was as follows: "Cervical syndrome and lumbosacral strain secondary to trauma". There were other medical findings which tended to show that plaintiff was suffering from tender-

ness in the lumbar region with low grade muscle spasms and motion limited to about 25 percent.

The medical evidence of injuries received by plaintiff in May and those received in June shows that such injuries were strikingly similar. The evidence discloses that plaintiff was still suffering from injuries received in May for which she was still being treated, when she was injured in June. Dr. Agee stated that, August 19th, 1964, he reported that plaintiff needed more treatment for injuries of the *May* accident. When asked which treatments were given for the May and which for the June accident, Dr. Agee said he did not think that any one could say.

Instruction No. 7 is, in fact, MAI 4.01, as it appears in MAI second edition, page 29. However, in "Notes on Use", which follows immediately, there appears the following:

"The word 'occurrence' should be adequate except in cases where there is evidence that two different occurrences produced the injury with defendant being responsible for only one. In such cases counsel will need to substitute some descriptive term which will properly limit the jury to the occurrence produced by defendant".

Defendant contends, and the trial court so held that, in this case, there should have been some descriptive word or words which would confine damages to such as were due to *"the occurrence"* of June 21st, 1964.

In MAI, first edition, in the section devoted to "How to Use This Book", page XXXIV it is said: "Notes on Use and Committee Comments. The Notes on Use following each instruction dictate the circumstances under which the instruction may be used. *These must be followed"*. (Emphasis ours.)

In Peak v. W. T. Grant Co. (Mo. en banc), 409 S.W.2d 58, 60, the court said: "In choosing appropriate instructions and modifications thereof it is essential that attorneys carefully consider the Committee

Comments and follow the directions contained in 'Notes on Use'. As stated at page XXXIV in Vernon's M.A.I., the notes on use following each instruction dictate the circumstances under which the instruction may be used. *These must be followed"*. (Emphasis ours.)

In this case there were two quite similar "occurrences", rather close together in time. Plaintiff received similar injuries in each of these "occurrences". Reference to the Notes on Use clearly indicate that the jury should have been required to find damages for injuries received in the *"June 21st occurrence"* only. This was not done and error was committed.

In Jurgeson v. Romine, Mo.App., 442 S.W.2d 176, this court considered a case where damages had been awarded for the flooding of land by a creek, the flow of which had been obstructed by defendant. However, there had been unusual rains and flooding followed them. Therefore there were two possible causes of the flooding which caused the damage. The instruction involved was the same as that involved here, 4.01. At page 178 we said:

" * * * Thus, the issue is whether or not the court erred in the use of the word 'occurrence' in Instruction No. 3. It is stated in Notes on Use of 4.01: 'The word "occurrence" should be adequate except in cases where there is evidence that two different occurrences produced the injury with defendant being responsible for only one. In such cases counsel will need to substitute some descriptive term which will properly limit the jury to the occurrence produced by defendant'. Does the word 'occurrence' refer to 'obstructing the creek' or to the 'flooding'? To which would a jury apply the word? * * * Thus the instruction is erroneous. See Sherwood v. St. Louis Southwestern Ry. Co., Mo.App., 187 S.W. 260, 263. We recognize that as a general rule M.A.I. Instructions are not to be changed, but Supreme Court Rule 70.01 (e) indicates that an M.A.I. Instruction

should be modified where necessary to fairly submit the issue. Notes on Use of M.A.I. 4.01 clearly indicate that in cases such as this some other term is needed. Here there are two occurrences; the obstruction of the creek and the flooding, for some of which defendant was liable, and for some of which he may not have been liable. Instruction No. 3 should have ended with some term such as 'the obstruction across the creek' rather than 'the occurrence mentioned in evidence'. * * *".

Order granting new trial is affirmed and the cause remanded.

MAUGHMER, C., concurs.

PER CURIAM.

The opinion of SPERRY, C., is adopted as the opinion of the court.

SHANGLER, P. J., CROSS and HOWARD, JJ., and ALVIN C. RANDALL, Special Judge, concur.