Lawrence O. Willbrand, St. Louis, for appellant.

**Ralph E. FLETCHER et ux.,**
**Respondents,**

v.

**Donald L. CUMMINGS, Appellant.**

**No. 36678.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Jan. 20, 1976.

Jack F. Allen, St. Louis, for respondents.

CLEMENS, Presiding Judge.

Three-count action for damages, brought by plaintiff-tenants against defendant-apartment manager, springing from constructive eviction. The jury found for defendant on Count I but gave plaintiffs actual and punitive damages on Counts II and III. Defendant appeals, contending the trial court erred in giving plaintiffs' two damage instructions since each authorized recovery for "the occurrence of October 29."

Plaintiffs' verdict director on Count II submitted that on October 29 defendant wrongfully entered plaintiffs' apartment and "removed articles of personal property." Their verdict director on Count III submitted that on the same date defendant "disturbed plaintiffs from their quiet and peaceful possession of the apartment" by removing all of plaintiffs' property and the apartment's front door. Each verdict director referred to a separate wrong.

The trial court gave two MAI 4.01 damage instructions. One told the jury if they found for plaintiffs on Count II they should award damages arising from "the occurrence of October 29." The other damage

instruction told the jury if they found for plaintiffs on Count III they should award damages arising from "the occurrence of October 29."

Superficially, this was confusing. The Notes on Use to MAI 4.01 warn of using the word "occurrence" where, as here, there is evidence of different occurrences: ". . . In such cases counsel will need to substitute some descriptive term which will properly limit the jury . . . ." That principle was followed in *Homm v. Oakes*, 453 S.W.2d 679 (Mo.App.1970) where plaintiff was seeking damages for one automobile collision but there was extraneous evidence of a second collision. To the same effect, see *Vest v. City National Bank and Trust Company*, 470 S.W.2d 518[1, 2] (Mo.1971).

This case differs from *Homm* and *Vest*. In each of those cases there was evidence of a non-compensable occurrence. Not so here, but defendant argues that the two separate damage-instruction phrases, "the occurrence of October 29," allowed the jury to make duplicate awards for the same occurrence. Arguably so. Heeding the quoted caveat of MAI 4.01's Notes on Use, each damage instruction would require the use of "some descriptive term" instead of the word "occurrence." Thus, the Count II damage instruction should have referred specifically to the removal of plaintiffs' property, and the Count III damage instruction to disturbing plaintiffs' possession of the apartment.

Here, the trial court was aware of possible confusion in the two damage instructions and, with counsel's consent, took corrective action.

Rendering verdicts in this case was complicated. There were three counts for damages; two of them warranted adding interest and all three authorized punitive damages. Nine verdict forms were to be offered. In chambers, the trial judge proposed making an explanatory oral statement to the jurors concerning the several verdict forms. Both counsel agreed. The court did so, including in its explanation to the jury ". . . And then there are two claims, arising, the plaintiff has asserted, out of the incident alleged to have occurred October 29th, in which the Count Two is for the taking of the property and Count Three is for the plaintiffs' claim in being wrongfully disturbed in the peaceful possession of the property." (This in accord with plaintiffs' separate verdict directors.) The court stated it was "talking to the jury . . . with consent of both counsel." At the conclusion of its oral comment the court asked if counsel had any suggestions. Each said no.

Conceding error in the duplicate use of the words "occurrence of October 29" it was not reversible error. Defense counsel invited the error by acceding to the trial court's explanation, in lieu of modifying the damage instructions. ". . . A party may not predicate error on a theory of law he himself has adopted." *Morris v. Klein*, 400 S.W.2d 461[4] (Mo.App.1966).

Judgment affirmed.

DOWD and STEWART, JJ., concur.