**Christine SNELLING, Appellant,**

v.

**Paul GRESS, Respondent.**

**No. WD 54316.**

Missouri Court of Appeals,
Western District.

April 13, 1999.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 1, 1999.

Application for Transfer Denied
Aug. 24, 1999.

Charles Robert Buckley, Independence, for appellant.

Michael Eugene McCausland, Kansas City, for respondent.

Before ULRICH, P.J., SMART, J. and EDWIN H. SMITH, J.

ULRICH, Presiding Judge.

Christine Snelling appeals from the judgment of the trial court, following jury trial, assessing damages against Paul Gress in the amount of $5,000 and finding Ms. Snelling thirty percent at fault in the April 30, 1993 automobile collision in which Ms. Snelling was injured. Ms. Snelling raises five points of trial court error. The second issue is dispositive and requires that Ms. Snelling receive a new trial on the issue of damages. Of the points raised by Ms. Snelling, it alone is addressed. Ms. Snelling contends that the trial court erred

by refusing to submit a proposed modified damage instruction. She asserts that the damage instruction and the verdict director conflicted, thereby confusing the jury to her prejudice. Ms. Snelling's assertion is correct. The judgment of the trial court is reversed as to the damage award but affirmed in all other respects. The case is remanded for a new trial on the issue of damages.

Christine Snelling was involved in an automobile collision on April 30, 1992, when the vehicle she was operating collided with a vehicle operated by Paul Gress. The accident occurred on U.S. Highway 40 near the intersection of AA Highway in Blue Springs, Missouri. Ms. Snelling consulted numerous medical practitioners for injuries she claimed to have sustained as a direct result of the vehicular accident. She claimed injuries to her neck and back and the index finger of her left hand. She also complained of nerve injury.

At trial, in addition to the medical evidence related to the 1992 vehicular accident, evidence was presented regarding work-related injuries to Ms. Snelling's neck and shoulder. Ms. Snelling injured her lower back in 1985 and underwent ten chiropractic treatments. Ms. Snelling again injured her lower back in 1988 and sought treatment for one month before resuming her regular work schedule. Ms. Snelling "pulled" her left biceps muscle in December 1990. Ms. Snelling complained of biceps tendinitis and left shoulder pain. She was released from further treatment in January 1991 for the biceps muscle injury. Ms. Snelling sought further treatment in February 1991 for this injury. Ms. Snelling's biceps and deltoid muscle tenderness was diagnosed as "over-use syndrome." After undergoing physical therapy and strengthening exercises, Ms. Snelling's discomfort was resolved by the summer of 1991. Ms. Snelling sought treatment in May 1991 for neck pain and lower back pain. She informed her physical therapist in October 1992 that she was having headaches and had strained her back while opening a box at work. Ms. Snelling also complained she hurt her neck

and shoulder in October 1993 when making and lifting boxes at work. She suffered a thoracic spine sprain on November 1, 1993, causing her middle back mild discomfort. Following each of these injuries, Ms. Snelling was able to resume her normal activities and work routine.

At the close of the evidence, the jury found in favor of Ms. Snelling. The jury assessed her damages at $5,000 and determined that Ms. Snelling was thirty percent at fault. Accordingly, the trial judge reduced her recovery to $3,500. Ms. Snelling appealed.

■■■ Ms. Snelling argues that the trial court erred in refusing to submit her proposed modified damage instruction. She contends that the damage instruction utilized by the trial court conflicted with the verdict director submitted, thereby confusing the jury.

The verdict director, Instruction No. 6, MAI 37.01, stated:

In your verdict you must assess a percentage of fault of Defendant whether or not Plaintiff was partly at fault, if you believe:

First, either

Defendant failed to keep a careful lookout, or

Defendant failed to yield the right-of-way, and

Second, Defendant in any one or more of the respects submitted in Paragraph First, was thereby negligent, and

Third, such negligence *directly caused or directly contributed to cause* damage to Plaintiff.

The phrase "yield the right-of-way," as used in this instruction means the driver entering the roadway from a driveway is required to yield to another vehicle approaching on the highway.

(emphasis added). Ms. Snelling argues the submission of the verdict director containing the "directly caused or directly contributed to cause" language conflicted with the "as a direct result" language con-

tained in the damage instruction, Instruction No.10, MAI 37.03, which stated:

> If you assess a percentage of fault to Defendant, then, disregarding any fault on the part of Plaintiff, you must determine the total amount of Plaintiff's damages to be such sum as will fairly and justly compensate Plaintiff for any damages you believe she sustained and is reasonably certain to sustain in the future *as a direct result* of the occurrence mentioned in the evidence.
>
> In determining the total amount of Plaintiff's damages you must not reduce such damages by any percentage of fault you may assess to Plaintiff. The judge will compute Plaintiff's recovery by reducing the amount you find as Plaintiff's total damages by any percentage of fault you assess to Plaintiff.

(emphasis added). Ms. Snelling's proposed damage instruction would have substituted the "as a direct result" language with the "directly caused or directly contributed to cause" language utilized in the verdict director. Committee Note 3 of the Missouri Supreme Court Committee on Jury Instructions states that the language "directly caused or directly contributed to cause" "may be more appropriate" in a "more complex comparative fault case." Note 3 does not define what constitutes a "more complex comparative fault case." MAI 5th Edition (1996) 37.03, p.714.

In the case of *Carlson v. K–Mart Corporation,* 979 S.W.2d 145 (Mo. banc 1998), the Missouri Supreme Court reviewed a judgment awarding plaintiff $100,000 where the plaintiff had suffered an injury to her back while at K–Mart and one month later was involved in an automobile accident. The plaintiff experienced increased neck and back pain after the automobile accident. *Id.* at 145. Evidence also disclosed that prior to the injury she sustained at K–Mart, Ms. Carlson was experiencing degenerative disk disease. *Id.* at 146. The verdict directing instruction stated that the jury must find for the plaintiff if K–Mart's negligence "directly caused or directly contributed to cause" Ms. Carlson's damages. *Id.* The language

of the verdict director was extracted from MAI 19.01, which allows the plaintiff to modify the verdict director in cases where multiple causes of damage are presented. *Id.* The damage instruction permitted the jury to compensate for damages that the plaintiff sustained as a "direct result" of K–Mart's negligence. *Id.* at 147. The Court determined on review that where the evidence shows multiple possible causes of injury, the damage instruction must be modified to refer specifically to the negligent conduct of the defendant mentioned in the verdict director. *Id.* at 147–48. The Court determined that the phrase "direct result" in the damage instruction was "sufficiently inconsistent with the phrase 'directly caused or contributed to cause'" in the verdict directing instruction to potentially produce inconsistent results. *Id.* The Court stated that failure to so modify the damage instruction was reversible error. *Id.* at 148.

Like the *Carlson* case, evidence was presented that Ms. Snelling experienced multiple possible causes for the injuries to her body, i.e. the automobile accident and prior and subsequent work-related injuries. Like *Carlson,* Ms. Snelling's counsel sought to modify the damage instruction to allow her to recover damages for injuries that Mr. Gress's negligence caused or contributed to cause. The trial court, however, instructed the jury that Mr. Gress was liable if he directly caused or directly contributed to cause damage and that the measure of such damage was only that which directly resulted from Mr. Gress's conduct. Each instruction was not reconcilable with the other. Failure of the trial court to modify the language of the damage instruction [MAI 37.03], "as a direct result," to conform to the language of the verdict directing instruction [MAI 37.01], "directly caused or directly contributed to cause," engendered confusion for the jury prejudicing Ms. Snelling. Ms. Snelling, therefore, is entitled to a new trial on the issue of damages.

The judgment is reversed as to the damage award but affirmed in all other respects. The case is remanded for a new trial on the issue of damages.

All concur.